# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2746

_____

United States of America,    *
                        *
  Appellee,         *
                        *  Appeal from the United States
  v.                *  District Court for the
                        *  Eastern District of Missouri.
Kenneth L. Harris,           *
                        *
  Appellant.        *

_____

Submitted:  December 10, 2002

Filed:  April 8, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In 1985, Kenneth L. Harris was convicted in Missouri state court of a number of violent felonies committed on three separate occasions in July 1983 and was sentenced to thirty-five years in prison. He was paroled in 1995 and, in January 2000, while still on parole, he was arrested for, and later convicted of, being a felon in possession of a firearm and possessing cocaine base. See 18 U.S.C. § 922(g)(1), 21 U.S.C. § 844 (2000). Because he was still on parole from his state sentence when he

committed these federal crimes, the District Court[1] applied United States Sentencing Guidelines (U.S.S.G.) § 5G1.3(c) (2000) and ordered that his federal sentence run consecutively to his state sentence, the effect of which is that he will serve a total term of imprisonment of nearly thirty-four years (the eighteen years remaining on his state conviction plus 188 months in federal prison). On appeal, Harris urges that the District Court erred when it made this determination, when it denied his motion to suppress, and when it committed several other errors. We affirm.

I.

We review the District Court's application of the sentencing guidelines de novo. <u>United States v. Smith</u>, 282 F.3d 1045, 1047 (8th Cir. 2002). Harris concedes that the law in this Circuit on concurrent versus consecutive sentences under § 5G1.3 does not support his appeal. We agree. The District Court was required to apply either § 5G1.3(a) or § 5G1.3(c), both of which require that Harris serve consecutive state and federal sentences.

The parties agree that § 5G1.3, which deals with defendants who are subject to undischarged terms of imprisonment, governs this case, but they disagree as to which of its subsections applies to Harris. The government believes that § 5G1.3(a) applies, but that if it does not, § 5G1.3(c) applies and requires the sentencing court to order consecutive sentences. In contrast, Harris urges that § 5G1.3(b) applies, but that if it does not, § 5G1.3(c) applies and leaves the court with discretion to order concurrent or consecutive sentences. For its part, the District Court held that § 5G1.3(c) applies and required it to order consecutive sentences.

The relevant provisions of § 5G1.3 provide that:

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3. Application Note Six governs § 5G1.3(c) and provides that:

If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release . . . .

U.S.S.G. § 5G1.3, cmt. n.6.

Because Harris was on parole from his 1985 felony convictions when he committed these federal felonies, the application of either § 5G1.3(a), see United States v. Jones, 195 F.3d 379, 383 (8th Cir. 1999) ("Because [the defendant] committed part of the federal . . . offense while on parole for the state offense, § 5G1.3(a) applies, and § 5G1.3(b) does not."); United States v. Murphy, 69 F.3d 237, 245 (8th Cir. 1995) (applying § 5G1.3(a) to defendant on parole when instant federal crimes were committed because Missouri parolees are still in state's legal custody, see

Mo. Rev. Stat. § 217.690.2 (2000), and therefore parole is a "term of imprisonment" within the meaning of § 5G1.3(a)), cert. denied, 516 U.S. 1153 (1996), or § 5G1.3(c), see Smith, 282 F.3d at 1047-48 (holding that Application Note Six's language is mandatory and therefore § 5G1.3(c) requires consecutive state and federal sentences for defendants who commit federal crimes while on parole), would result in consecutive state and federal sentences. Because in this Circuit either § 5G1.3(a) or § 5G1.3(c) could have been applied, the District Court did not err in its application of § 5G1.3(c).

Section § 5G1.3(b), urged by Harris as dispositive of his case, is inapplicable to this case. It applies only when the prior "term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b). Section 5G1.3(b)'s requirement that the prior term of imprisonment be "fully taken into account" is a stringent one and has only a narrow reach. See United States v. Swan, 275 F.3d 272, 277 (3d Cir. 2001) ("Section 5G1.3(b) appears to be aimed at the situation in which, unless the sentences were concurrent, the defendant would be serving two sentences for essentially the identical offense."). Thus, in United States v. Terry, 305 F.3d 818, 824-26 (8th Cir. 2002), we determined that a defendant was properly sentenced to serve his federal sentence consecutively to his state sentences "because the state and federal offenses [were] distinct and separate wrongs." Id. at 826. In Terry, the defendant's federal and state convictions were closely linked, but were still not "fully taken into account" within the meaning of § 5G1.3(b) even though his state convictions were for child sexual abuse and rape and his federal convictions were for the production of child pornography (i.e., the videotaping of his child sexual abuse and rape acts). Id. at 824-26; see also U.S.S.G. § 5G1.3, cmt. n.2 (explaining that a federal drug defendant sentenced based on his or her possession of thirty grams of cocaine should be given credit for time already served as part of any state conviction for possession of all or part of the *same* cocaine). In sum, § 5G1.3(b) can apply only when a defendant has been sentenced in state or federal court for the same criminal

conduct or for criminal conduct necessarily included in the later federal charges. <u>Cf.</u> <u>Witte v. United States</u>, 515 U.S. 389, 404 (1995). Harris's argument that § 5G1.3(b) applies to him is foreclosed by our decision in <u>Terry</u> and is untenable in any event because, if accepted, it would establish a rule that would give state parolees a free pass on any federal crimes committed while on parole if the federal sentences did not exceed the length of the parolee's remaining state sentences, a result we are confident the sentencing guidelines do not sanction.[2]

_____

[2]We pause to note the irony in the fact that Harris withdrew from a plea agreement in which the government stipulated to concurrent state and federal sentences on lesser charges. Appellant's App. at 19-20. During the hearing on his motion to withdraw his guilty plea, Harris acknowledged the chance he was taking by withdrawing from the plea agreement and, while proclaiming his innocence, stated "I know that if Judge Perry decides to let me withdraw my plea, I know that if I lose on a new trial, I could probably get 30 years . . . ." December 13, 2001, Hearing Transcript at 27-28. Harris was questioned on the issue of concurrent versus consecutive sentences that he now raises in this appeal and his attorney asked him whether he understood that under the original (and later superseding) indictment he was (and would be again) charged and sentenced as an armed career criminal and thus he was risking lengthy consecutive sentences.

> Q: [by counsel] [A]bsent the plea agreement, it appears that the sentence imposed for this case, the federal case, should be served consecutively to the defendant's undischarged state term of imprisonment pursuant to the provisions of Section 5G1.3, so not only does the original indictment contain an offense which has been calculated to have a guideline range of 262 to 327 months . . . but that sentence could be imposed consecutively. Do you understand that? . . . The present stipulation provides for a maximum of 120 months. Do you understand that?
> A: [by Harris] Yes.
> Q: And the term to run concurrently at the same time as the state sentence, do you understand that also?
> A: Yes.
> Q: Now understanding all that, and besides that, you and I had this

II.

Harris next urges that the District Court erred when it declined to suppress the evidence found in his home because the search was conducted at night, without a showing of necessity, and therefore violated the Fourth Amendment. We disagree. We review a district court's findings of fact for clear error and its conclusions of law regarding its denial of a motion to suppress de novo. United States v. Booker, 269 F.3d 930, 931 (8th Cir. 2001), cert. denied, 123 S. Ct. 936 (2003). The District Court properly held that Harris failed to demonstrate that the nighttime search of his home was unreasonable. See, e.g., United States v. Berry, 113 F.3d 121, 123 (8th Cir. 1997). Moreover, even if Harris were to have shown that the search was unreasonable, a court does not automatically suppress evidence gathered pursuant to a warrant, but instead considers whether the defendant was prejudiced or whether there was a reckless disregard of applicable procedure, both of which are absent here. See Berry, 113 F.3d at 123. Finally, even had Harris shown prejudice or a reckless disregard of procedures, an invalid warrant does not compel suppression of the evidence if the police officers acted based on a good-faith belief in the validity of the warrant, as they did here. See United States v. Leon, 468 U.S. 897, 922 (1984).

---

conversation, correct?
A: Yes.
Q: And you know my feelings on this subject, do you not?
A: Yes.
Q: Those provisions in the presentence agreement notwithstanding, you still wish to request that Judge Perry withdraw -- allow you to withdraw your plea of guilty and you wish to proceed to trial on the original indictment, is that correct?
A: Yes.

Id. at 28-29.

In this case, St. Louis police conducted surveillance on Harris's home for several days (including the day of the search) during daytime hours and at night. Based on this surveillance and based on information from a confidential informant, the officers concluded that Harris was likely dealing crack cocaine and heroin. On the day of the search, the officers sought a search warrant from a state circuit judge, who issued a warrant at approximately 7:45 p.m. The warrant provided that the search should be conducted "within 10 days after the issuance of this warrant by day or night." January 5, 2000, Search Warrant. The officers executed the warrant later that evening at approximately 10:00 p.m. after additional support arrived. In these circumstances, the District Court did not err when it ruled that the search did not violate the Fourth Amendment merely because it occurred at night. See Berry, 113 F.3d at 123 (8th Cir. 1997) (concluding that nighttime search was reasonable and that officer who sought warrant during the night was unlikely to wait until the next morning or another day).

## III.

Harris's remaining claims are meritless and, in fact, were not certified as non-frivolous by his attorney. Brief of Appellant at 46. We will dispose of them summarily. First, the District Court did not abuse its discretion when it admitted testimony by a visitor to Harris's home that she saw him possess a firearm prior to his arrest. See United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (standard of review), cert. denied, 514 U.S. 1091 (1995). This testimony was admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b). Moreover, the District Court's limiting instruction properly cured whatever unfair prejudice this evidence could have produced. Trial Tr., Vol. III at 118. Second, it is clear beyond peradventure that it does not violate the Eighth Amendment's prohibition against cruel and unusual punishment to enhance a convicted violent felon's sentence pursuant to 18 U.S.C. § 924(e)'s armed-career-criminal provision. See, e.g., United States v. Yirkovsky,

259 F.3d 704, 706 (8th Cir. 2001), <u>cert.</u> <u>denied</u>, 122 S. Ct. 2674 (2002).  Nor is there any question that Harris was previously convicted of three violent felonies.  <u>See</u> <u>State v. Harris</u>, 705 S.W.2d 544 (Mo. Ct. App. 1986).  Finally, the District Court did not err when it gave Instruction 12, which accurately stated the elements of the felon-in-possession offense and clearly informed the jury that they had to agree unanimously that the defendant possessed at least one of the firearms named in the indictment.  Appellant's App. at 35-36.  Harris failed to object to this jury instruction at trial and our review is for plain error, of which we find none.  <u>See</u> <u>United States v. McNeil</u>, 184 F.3d 770, 777 (8th Cir. 1999) (standard of review); <u>United States v. Jorgenson</u>, 144 F.3d 550, 559-60 (8th Cir. 1998) (noting that jury instruction that accurately states relevant law is not erroneous).

## IV.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-