# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3123/3228

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert D. Strong, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

_____

Submitted: May 10, 2005
Filed: July 26, 2005

_____

Before LOKEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Robert D. Strong was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to a term of 63 months' imprisonment and three years' supervised release. For reversal, Strong argues that the district court erred in admitting his 1987 convictions into evidence under Federal Rule of Evidence 404(b). The government cross-appeals, arguing that the district court erred by failing to sentence Strong as an armed career criminal under 18 U.S.C. § 924(e)(1). We affirm in part and reverse in part.

## I. *Background*

St. Louis Metropolitan Police Officers Shell Sharp and Alan Ray saw a pickup run a stop sign. The officers activated their lights and siren, but the truck did not yield. After a short chase, the pickup turned onto a different street and stopped. The officers parked their car behind the pickup. Strong, the driver of the pickup, exited the truck and left the door open. Officer Sharp observed Strong reach for his waistband, remove an object, and toss it into the truck. Officer Sharp drew his weapon and asked Strong what he was doing. Strong responded that he was not from the area and was lost.

According to Officer Sharp, he directed Strong to move to the rear of the pickup with Officer Ray, which Strong did. Officer Sharp looked into the open driver's door and saw a revolver on the driver's side floor. Officer Sharp arrested Strong and also searched Strong incident to the arrest and found drug paraphernalia. Officer Sharp took the gun from Strong's truck and showed it to Officer Ray.

In contrast, Strong contended that Officer Sharp did not find the weapon on the floorboard of his truck at the time of the stop, but later found the revolver in another area of the truck among items belonging to Linda Hemphill.[1] Strong claimed that Officers Sharp and Ray had been watching a house where they suspected drug activity. Strong insisted that Hemphill lived in that house and that Strong was helping her move into a new residence. Strong also claimed that the reason the officers stopped him was that they saw Strong leave that house. Strong stated that he had Hemphill's items in his truck, including the gun.

Strong was indicted for being a felon in possession of a firearm in violation of §§ 922(g)(1) and 924(e)(1). At trial, the government offered Strong's prior

---

[1]Gregory Davis, an arrestee in an unrelated matter, testified that the officers did not immediately find the revolver but made the discovery after a thorough search.

convictions for first-degree robbery in the state of Washington, and felon in possession of a firearm in the United States District Court for the Eastern District of Missouri. The district court admitted the evidence pursuant to Fed. R. Evid. 404(b) over Strong's objection on grounds of relevance and prejudice. The court gave a limiting instruction, prohibiting use of the prior crimes to prove Strong committed the present one. The jury convicted Strong.

The Government requested that Strong be sentenced as an armed career criminal in conformity with the Presentence Investigation Report's (PSR) recommendation because Strong had three previous convictions for violent felonies. The district court refused, basing its decision on *Blakely v. Washington*, 124 U.S. 2531 (2004). The court believed that it was precluded by *Blakely* from finding that Strong had prior convictions that were considered to be violent felonies for armed career criminal purposes because those facts had to be established by the jury.

## II. *Discussion*
### A. *Admission of 404(b) Evidence*

Strong argues that the district court erred in admitting his 1987 convictions into evidence under Fed. R. Evid. 404(b). We review a district court's decision to admit evidence for abuse of discretion and "we will reverse only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002) (citation omitted).

Over Strong's objection, the district court admitted evidence under Fed. R. Evid. 404(b) of Strong's 1987 convictions for robbery and being a felon in possession of a firearm. Strong argues that the evidence that he possessed a gun should have been excluded because it led to improper inference that having done it before, he would do it again.

Under Rule 404(b), evidence of other crimes is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence is admissible under Rule 404(b) if it is: (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than in prejudicial effect. *United States v. Green*, 151 F.3d 1111, 1113 (8th Cir. 1998).

### 1. *Material Issue*

At trial, Strong defended himself by asserting "that he was merely present in the same truck where the gun was found." "A defendant denies both knowledge and intent when he asserts the 'mere presence' defense—that he was present, but did not know of the presence of illegal [activity]." *United States v. Tomberlin*, 130 F.3d 1318, 1320 (8th Cir. 1997); *see also United States v. Hawthorne*, 235 F.3d 400, 404 (8th Cir. 2000) (holding defendant's mere presence defense put his knowledge and intent at issue). In *Hawthorne*, we approved the use of Rule 404(b) evidence of prior drug possession "to show knowledge and intent when intent is an element of the offense charged." *Id.* In *United States v. Harris*, 324 F.3d 602 (8th Cir.), *cert. denied*, 124 S. Ct. 209 (2003), we affirmed the district court's admission under Rule 404(b) of "testimony by a visitor to [defendant's] home that she saw him possess a firearm prior to his arrest." *Id.* at 607; *see also United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) ("The case law in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)."). Strong's prior convictions address the material issue of his knowledge of the presence of the firearm and his intent to possess it.

### 2. *Similar in Kind and Not Too Remote in Time*

We have held, "'when admitted for the purpose of showing intent, the prior acts need not be duplicates, but must be sufficiently similar to support an inference of

criminal intent.'" *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995) (quoting *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987)). Strong's prior acts were similar in kind to those now in question—each involving his illegal possession of a firearm.

"To determine if evidence is too remote, 'the court applies a reasonableness standard and examines the facts and circumstances of each case.'" *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) (quoting *Shoffner*, 71 F.3d at 1432). In *United States v. Mejia-Uribe*, 75 F.3d 395, 398 (8th Cir. 1996), we held the "inquiry regarding the remoteness of a prior conviction is fact specific." We stated that the answer to how long is too long depends on the theory that makes the evidence admissible. *Id.* "[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case." *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir. 1981).

Here, approximately 16 years elapsed between Strong's earlier convictions and the present one. While we have "upheld the introduction of evidence relating to acts or crimes which occurred 13 years prior to the conduct challenged," *United States v. McCarthy*, 97 F.3d 1562, 1573 (8th Cir. 1996) (citation omitted), we have "been reluctant to go beyond [that] 13-year time frame." *Id.* But, our reluctance should not be perceived as constituting a definitive rule of limitation. Here, we believe the evidence supports the government's theory—Strong's history of firearms convictions directly bears on his knowledge of, and intent to possess a firearm at the time of the charged offense. Based upon the facts of this case, we believe that Strong's earlier convictions are not too remote.

3. *Sufficient Evidence, Probative Value, and Prejudicial Effect*

The government provided sufficient evidence of Strong's prior convictions, which were testified to by Special Agent Zornes, who identified certified copies of

the convictions. In *Franklin* we assigned great weight to the district court's balancing of evidentiary prejudice against its probative value. We held that

> although admitting evidence of prior criminal conduct has some prejudicial effect on the defendant, whether this effect substantially outweighs the evidence's probative value is left to the discretion of the trial court. . . . Because the trial court must balance the amount of prejudice against the probative value of the evidence, this Circuit will normally defer to that court's judgment.

*Franklin*, 250 F.3d at 659. "Mere prejudice is not enough, however." *United States v. Crump*, 934 F.2d 947, 955 (8th Cir. 1991). Additionally, "the presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." *Franklin*, 250 F.3d at 659. Here, in admitting the Rule 404(b) evidence, the district court gave a limiting instruction, prohibiting the jury from using the prior acts to decide whether Strong committed the crimes charged. The probative value of the evidence outweighed any prejudice. *Harris*, 324 F.3d at 607.

## B. *Armed Career Criminal*

The district court refused to sentence Strong as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because the court believed that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), precluded it from making findings that Strong's prior offenses were violent felonies. We review *de novo* a district court's determination that a prior offense constitutes a crime of violence under 18 U.S.C. § 924(e). *United States v. Griffith*, 301 F.3d 880, 884 (8th Cir. 2002).

The decision of the district court calls into question the continuing validity of *Almendarez-Torrez v. United States*, 523 U.S. 224 (1997). The government argues that the holding in *United States v. Booker,* 125 S. Ct. 738 (2005), did not overrule *Almendarez-Torrez* and we agree. The Supreme Court concluded in *Almendarez-Torrez* that recidivism, as a traditional basis for increasing an offender's sentence,

need not be charged in the indictment because "recidivism 'does not relate to the commission of the offense, *but goes to the punishment only*, and therefore . . . may be subsequently decided.'" *Id.* at 244 (emphasis in original) (citation omitted). "[T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.'" *Id.* (citation omitted).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court explained the reasoning behind Almendarez-Torrez stating

> the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that [the defendant failed to] challenge the accuracy of that 'fact' in his case, mitigate[s] the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range.

*Id.* at 488. In *Booker*, the Supreme Court affirmed its holdings in *Apprendi* and *Almendarez-Torrez*, stating, "[a]ccordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or *a jury verdict* must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756; *see also United States v. Sanders*, 377 F.3d 845, 847 n.3 (8th Cir. 2004) (indicating that the Supreme Court exempted prior convictions from the proof requirement of *Blakely*). Moreover, we have rejected the claim that the jury must determine whether a prior conviction constitutes a violent felony, *United States v. Campbell*, 270 F.3d 702, 708 (8th Cir. 2001), *cert. denied*, 535 U.S. 946 (2002); *United States v. Abernathy*, 277 F.3d 1048, 1050 (8th Cir.), *cert. denied*, 535 U.S. 1089 (2002), or that the conviction qualified as "aggravated." *See United States v. Kempis-Bonola*, 287 F.3d 699, 702 (8th Cir. 2002), *cert. denied*, 537 U.S. 914 (2002) ("While a finding that the prior felony conviction qualifies as

'aggravated' is a fact that can increase the defendant's sentence beyond the initially prescribed maximum sentence, the plain language of *Apprendi* excepts the fact of prior convictions from its holding"); *United States v. Perez-Perez*, 337 F.3d 990, 997 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 336 (2003).

18 U.S.C. § 924(e) "mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies." *Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005). To determine whether a prior conviction is a violent felony under § 924(e) following a jury trial, a sentencing court is limited to examining the "statutory elements, charging documents, and jury instructions." *Id.*[2] Violent felonies present a serious risk of physical injury. 18 U.S.C. § 924(e)(2)(B)(ii).

We find that Strong's prior convictions are violent felonies. Strong was first convicted in the state of Washington for first-degree robbery. The charging documents indicate that he stole money from a person at gunpoint. *See* U.S.S.G. § 4B1.2, cmt. (n.1) (robbery is a crime of violence). Strong's second conviction was for attempted burglary of a building in Missouri. We have held that attempted burglary is a violent felony under Missouri law:

> As we have previously observed, '[i]f an attempted burglary conviction is based on a statute which requires a substantial step towards the completion of the crime, then it qualifies as a predicate violent felony under the 'otherwise clause" of § 924 (e). *United States v. Moore*, 108 F.3d 878, 880 (8th Cir. 1977) (citing *United States v. Solomon*, 998 F.2d 587, 589–90 (8th Cir. 1993), *cert.*

---

[2]Following oral argument, Strong cited *United States v. Ngo*, 406 F.3d 839 (7th Cir. 2005), under Federal Rule of Appellate Procedure 28(j), as an examination of the limitations of *Shepard*. We do not find anything in *Ngo* that is inconsistent with *Shepard*'s holding and determine it to be inapplicable to this case.

*denied*, 510 U.S. 1026, 114 S. Ct. 639, 126 L.Ed.2d 598 (1993)). Because the Missouri attempt statute requires a 'substantial step,' and we do not believe that Missouri defines 'substantial step' idiosyncratically, . . . we believe that attempted second-degree burglary under Missouri law qualifies as a predicate violent felony under the ACCA.

*United States v. McKinney*, 328 F.3d 993, 995 (8th Cir. 2003).

Strong was also convicted of stealing from a person in Missouri. Strong stole by reaching into a person's pocket and taking money. In *Griffith*, 301 F.3d at 885, we held that the crime of theft from a person involves conduct that presents a serious risk of physical injury. *See* U.S.S.G. 4B1.2(1). We cited several decisions from other circuits holding that theft or larceny from a person qualified as a violent felony. In *United States v. Payne*, 163 F.3d 371 (6th Cir. 1998), the Sixth Circuit, in concluding that larceny involved a serious risk of physical injury, held:

> Michigan law interprets 'from the person' narrowly to require that the property be taken from the possession of the victim or be taken from within the immediate presence or area of control of the victim. This is clearly the type of situation that could result in violence. Any person falling victim to a crime involving such an invasion of personal space would likely resist or defend in a manner that could lead to immediate violence. *Whether or not violence or harm actually results in any given instance is not relevant.* We agree with the First Circuit that 'although larceny from the person 'typically involves no threat of violence,' the risk of ensuing struggle is omnipresent.'

*Id.* at 375 (emphasis added) (quoting *United States v. DeJesus*, 984 F.2d 21, 24 (1st Cir. 1993)); *see also United States v. Wofford*, 122 F.3d 787, 794 (9th Cir. 1997) (holding that theft from a person is a violent felony under § 924(e)); *United States v. Hawkins*, 69 F.3d 11, 13 (5th Cir. 1995) (holding that theft from a person is a crime

of violence because of the risk of injury involved). In accord with *Griffith*, *Payne*, *Wofford*, and *Hawkins*, we hold that stealing from a person constitutes a crime of violence under § 924(e). The district court erred in not sentencing Strong as an armed career criminal.

### III. *Conclusion*

For the foregoing reasons we affirm the district court in part and reverse in part, remanding for proceedings consistent with this opinion.

———————————————