# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3349

_____

United States of America,       *
       *
       Appellee,       *
       *   Appeal from the United States
   v.       *   District Court for the
       *   Western District of Missouri.
Darrell D. Walker,       *
       *      [UNPUBLISHED]
       Appellant.       *

_____

Submitted: April 25, 2007
Filed: May 2, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Darrell Walker appeals from his conviction upon a jury verdict finding him guilty of being a felon in possession of firearms and ammunition, and from the sentence imposed by the district court.[1]  Upon review of his arguments, we affirm.

To begin, we hold that the government satisfied its burden to prove the interstate commerce element of 18 U.S.C. § 922(g). See United States v. Carter, 270 F.3d 731, 734-35 (8th Cir. 2001) (proof that firearm was manufactured in one state

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

and recovered in another satisfies interstate commerce element; evidence was sufficient where firearms expert testified that firearm was manufactured in state other than state in which defendant possessed it). Walker's related jurisdictional argument is also without merit. See United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995) (per curiam) (denying motion to dismiss for lack of subject matter jurisdiction; § 922(g)(1) "clearly is tied to interstate commerce").

We further conclude that the district court did not err in sentencing Walker in accordance with 18 U.S.C. § 924(e)(1) (imposing mandatory minimum sentence for armed career criminals). The existence of sentence-enhancing prior convictions need not be found by a jury. See United States v. Booker, 543 U.S. 220, 244 (2005) (any fact other than prior conviction which is necessary to support sentence exceeding maximum authorized by facts established by guilty plea or jury verdict must be admitted by defendant or proved to jury beyond reasonable doubt); Almendarez-Torres v. United States, 523 U.S. 224, 244-46 (1998) (recidivism, as basis for increasing sentence, need not be charged in indictment and may be subsequently decided by court at sentencing); United States v. Strong, 415 F.3d 902, 907 (8th Cir. 2005) (construing Booker as reaffirming holding in Almendarez-Torres), cert. denied, 126 S. Ct. 1121 (2006).

Finally, we decline to consider Walker's ineffective-assistance arguments on direct appeal. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004) (ineffective-assistance claims are generally better left for postconviction proceedings; such claims are proper on direct appeal only where record has been fully developed, to avoid plain miscarriage of justice, or where counsel's ineffectiveness is readily apparent).

The judgment of the district court is affirmed.
_____