# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3655

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Thomas Allen Boldt, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 19, 2010
Filed: January 28, 2011

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Thomas Boldt pled guilty to unlawful possession of ammunition as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). After finding that Boldt had at least three prior convictions for violent felonies, the district court[1] sentenced Boldt to the mandatory minimum sentence of 15 years imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Boldt appeals, claiming that his prior convictions do not qualify as violent felonies under the ACCA and that his

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

On December 1, 2008, Boldt was stopped on suspicion of shoplifting as he exited a convenience store. The store security guard, who was an off-duty police officer, subsequently searched Boldt and discovered nine .38 caliber special bullets and one .357 caliber bullet in Boldt's pocket. Because of Boldt's previous felony convictions, he was charged with, and pled guilty to, unlawful possession of ammunition as a previously convicted felon. After concluding that Boldt had at least three prior convictions for violent felonies as defined by section 924(e), the district court sentenced Boldt to the mandatory minimum sentence of 15 years imprisonment.

On appeal, Boldt contends he is not a career criminal as defined in section 924(e) because his prior convictions for third-degree burglary are not convictions for "violent felonies." We need not address the merits of Boldt's contention, however, because Boldt does not dispute that his three prior convictions for second-degree burglary constitute convictions for "violent felonies." Therefore, even if Boldt were correct that his third-degree burglaries are not convictions for "violent felonies," the district court correctly concluded that Boldt was a career criminal as defined by section 924(e).

Boldt also argues that his sentence violates the Eighth Amendment because he did not know it was illegal to possess ammunition as a convicted felon.[2] We review de novo an Eighth Amendment challenge to a sentence. United States v. Wiest, 596 F.3d 906, 911 (8th Cir.), cert. denied, 131 S. Ct. 339 (2010).

---

[2] We note that the district court never made a specific finding that Boldt did not know his possession of ammunition was illegal. However, because we conclude that such a finding was not necessary prior to Boldt's sentencing, we will assume for simplicity that Boldt did not know it was illegal for him to possess ammunition.

We have repeatedly held that section 924(e)'s mandatory minimum sentence provisions do not violate the Eighth Amendment. <u>See, e.g.</u>, <u>United States v. Harris</u>, 324 F.3d 602, 607 (8th Cir. 2003); <u>United States v. Yirkovsky</u>, 259 F.3d 704, 707 (8th Cir. 2001). Additionally, the parties do not dispute that section 924(e) applies irrespective of whether a criminal defendant knew his actions were illegal. Boldt nonetheless insists that, under the Eighth Amendment, a sentencing court must be allowed to depart below the mandatory minimum if the court finds a criminal defendant did not know his actions were illegal. Ignoring for a moment the assertion that ignorance of illegality should be considered during sentencing, it is well established that Congress has the power to enact noncapital mandatory minimum sentences that "define criminal punishments without giving the courts any sentencing discretion." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1006 (1991) (Kennedy, J., concurring in part and concurring in judgment) (quoting <u>Chapman v. United States</u>, 500 U.S. 453, 467 (1991)). Indeed, if section 924(e) applies, a sentencing court possesses no authority to impose a sentence below the mandatory minimum sentence except upon motion by the government to reflect the defendant's substantial assistance. <u>United States v. Rudolph</u>, 970 F.2d 467, 470 (8th Cir. 1992). Accordingly, we reject Boldt's Eighth Amendment challenge.

The judgment of the district court is affirmed.

_____