# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2652

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Jose M. Strayhorn, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: January 14, 2011
Filed: February 14, 2011

———————

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

PER CURIAM.

Jose Strayhorn pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C). Based on Strayhorn's prior criminal history, the district court[1] sentenced him as an armed career criminal under 18 U.S.C. § 924(e) and imposed the mandatory minimum sentence of 180 months' imprisonment. Strayhorn appeals, claiming that the sentence is unconstitutional because it (1) constitutes cruel and

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

unusual punishment in violation of the Eighth Amendment; and (2) rests on the racially motivated decision to try him as an adult for a second-degree burglary offense he committed at age fifteen, in violation of the Fifth and Fourteenth Amendments. We affirm.

Police officers obtained a search warrant to search Strayhorn's residence after a confidential informant purchased cocaine base (also known as crack cocaine) from him. During the search, officers recovered a .22 caliber rifle and 4.6 grams of cocaine base. Strayhorn admitted that both items were his and pleaded guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute crack cocaine. The district court determined that Strayhorn was eligible for sentencing as a career offender under U.S. Sentencing Guideline § 4B1.1 and as an armed career criminal under § 924(e) because Strayhorn previously had been convicted of two felony drug offenses and second-degree burglary. As a result, the firearms charge carried the mandatory minimum sentence of 180 months' imprisonment.

Strayhorn objected to being sentenced as either an armed career criminal under § 924(e) or a career offender under U.S.S.G. § 4B1.1. He contended that the second-degree burglary conviction in Missouri state court did not satisfy the violent crime predicate of either provision. He noted that the burglary occurred in 1991 when he was fifteen years old. He and another minor broke into the local high school and stole cash stored on the premises. The prosecution successfully petitioned to try him as an adult and he was subsequently convicted. Strayhorn argued that because the mandatory minimum sentence under § 924(e) would not have been triggered but for the decision to try him as an adult, its imposition was excessive and unfair, so as to constitute cruel and unusual punishment under the Eighth Amendment. He also argued that the second-degree burglary of a non-dwelling should not be classified categorically as a "crime of violence" pursuant to U.S.S.G. § 4B1.1, especially in circumstances such as these.

The district court expressed misgivings about sentencing Strayhorn as an armed career criminal and was particularly troubled that imposition of the mandatory minimum sentence hinged on the decision to try Strayhorn as an adult for second-degree burglary in 1991. The district court indicated that it would not impose as severe a sentence if our circuit's precedent did not compel that result. Concluding that it had no other choice, the district court sentenced Strayhorn to 180 months' imprisonment on each count, to run concurrently.

Strayhorn renews his Eighth Amendment claim on appeal and contends that the use of the second-degree burglary conviction as a basis for the armed career criminal provision of § 924(e) violates his right to due process under the Fifth Amendment and equal protection under the Fourteenth Amendment. He also asserts that not every conviction for second-degree burglary of a non-dwelling should be treated as a crime of violence under U.S.S.G. § 4B1.1 and asks that we revisit our prior holdings to the contrary. We review *de novo* whether a given sentence violates the Eighth Amendment, United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007), whether sentencing Strayhorn as an armed career criminal pursuant to § 924(e) violates his rights under the Fifth and Fourteenth Amendments, United States v. Buckner, 894 F.2d 975, 978 (8th Cir. 1990), and whether a prior conviction of a particular crime qualifies as a "crime of violence" under the career offender provision of § 4B1.1, United States v. Tyler, 580 F.3d 722, 724 (8th Cir. 2009).

We have repeatedly held that the mandatory minimum sentencing provisions in § 924(e) do not violate the Eighth Amendment. See, e.g., United States v. Harris, 324 F.3d 602, 607 (8th Cir. 2003); United States v. Yrikovksy, 259 F.3d 704, 707 (8th Cir. 2001). Acknowledging this, Strayhorn urges that this line of cases is called into question by the Supreme Court's decision in Graham v. Florida, 130 S. Ct. 2011, 2033-34 (2010) (holding that imposition of a life-without-parole sentence on a juvenile who had committed a non-homicide offense constituted cruel and unusual punishment in violation of the Eighth Amendment). Strayhorn's argument is

foreclosed by our decision in <u>United States v. Scott</u>, 610 F.3d 1009, 1018 (8th Cir. 2010) (rejecting Eighth Amendment challenge to life sentence for drug offense and noting that <u>Graham</u> did not involve "the use of prior offenses committed as a juvenile to enhance an adult conviction" and "did not call into question the constitutionality of using prior convictions, juvenile or otherwise, to enhance the sentence of a convicted adult"). Accordingly, we reject the Eighth Amendment challenge to the sentence.

Strayhorn next asserts that the decision to try him as an adult in 1991 was racially motivated and that classifying him as an armed career criminal on the basis of that tainted conviction violates his right to due process and equal protection. "A person claiming unequal enforcement of a facially neutral statute must show both that the enforcement had a discriminatory effect, and that the enforcement was motivated by a discriminatory purpose." <u>United States v. Bell</u>, 86 F.3d 820, 823 (8th Cir. 1996). Notwithstanding the district court's comments at the sentencing hearing regarding the effect that cultural biases may have had on the decision to try Strayhorn as an adult in 1991, there is no evidence of discriminatory effect or purpose to substantiate Strayhorn's equal protection argument.

We agree with the district court that our governing precedent requires the imposition of the mandatory minimum sentence of 180 months' imprisonment, pursuant to the armed career criminal provision of 18 U.S.C. § 924(e). Because we find no error in imposing this sentence, we need not consider Strayhorn's claim that second-degree burglary of a non-dwelling does not constitute a "crime of violence" under the career offender provision of § 4B1.1.

The judgment is affirmed.

_____