# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3741

_____

United States of America

*Plaintiff - Appellee*

v.

Xavier Elfonsto Buckner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 7, 2017
Filed: August 18, 2017

_____

Before WOLLMAN and LOKEN, Circuit Judges, and NELSON,[1] District Judge.

_____

NELSON, District Judge.

Xavier Elfonsto Buckner was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to ninety-six months in prison. Buckner now appeals his conviction, arguing that the

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

district court[2] erred in admitting certain "other acts" evidence at trial. *See* Fed. R. Evid. 404(b). For the reasons set forth below, we affirm.

## I.

On August 3, 2015, eight days before the date of the offense in the indictment, a shooting took place in the 700 block of West Fourteenth Street in Davenport, Iowa. The evidence introduced at trial shows that Buckner got into an argument with a neighbor, Jesse Howard, and at some point shots were fired at Howard. Although no witness saw Buckner fire any shots, the evidence suggested that he was indeed the individual responsible—Howard himself identified Buckner as the shooter, another witness noted that after the shots were fired, everyone ran except Buckner, who simply walked away, and a jailhouse informant testified that Buckner admitted to having shot that day at "his cousin."[3] Perhaps most tellingly, five .380 caliber cartridge casings were recovered at the scene by police, and a criminalist identified four of them as coming from the pistol found with Buckner eight days later.

Based on the events of August 3, a warrant was procured for Buckner's arrest. On August 11, 2015, Davenport Police officers saw Buckner riding in the passenger seat of a vehicle driven by Lamont Richard. The officers activated their emergency lights and siren, but Richard attempted to get away. He later testified that when the police pulled up behind his car, Buckner produced a gun and told Richard to "drive," as he could not risk being caught with the weapon. Police succeeded in stopping

---

[2]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[3]The record does not appear to definitively establish whether Buckner and Howard were actually related, although Howard testified at trial that Buckner was "like family."

Richard's car after a short chase, and a loaded .380 caliber pistol—the same one used in the August 3 shooting—was recovered from the rear passenger-side floorboard.

Buckner was subsequently charged on September 23, 2015, with being a felon in possession of a firearm. At trial, he argued that he was merely present in the car when the pistol was found, and did not know it was there. In response, the government sought to introduce testimony regarding the August 3 shooting, as well as evidence of Buckner's prior felony conviction in 2006 for reckless use of a firearm causing bodily injury. Buckner objected, arguing that the proposed evidence was neither admissible as intrinsic evidence nor as Rule 404(b) "other acts" evidence, and was in any event unfairly prejudicial under Rule 403. *See* Fed. R. Evid. 403, 404(b). With regard to the 2006 shooting, Buckner particularly questioned the admissibility of certain details extraneous to the shooting itself, such as that the victim was attempting to buy crack from him, and that he was a gang member. Ultimately, the district court overruled Buckner's objections, finding the evidence to be admissible Rule 404(b) evidence on the issue of Buckner's knowledge and intent as to the firearm alleged in the indictment.

## II.

### A.

We review the district court's decision to admit evidence of Buckner's prior bad acts for abuse of discretion. *See United States v. Williams*, 796 F.3d 851, 958 (8th Cir. 2015); *United States v. Hall*, 602 F.3d 539, 543 (8th Cir. 2010). That decision will be disturbed only when the evidence "clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Williams*, 796 F.3d at 958.

The parties primarily address the admissibility of evidence relating to the 2006 and 2015 shootings under Rule 404(b), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such evidence may, however, be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* We have enunciated a four-part test to determine whether a district court properly admitted Rule 404(b) evidence, which asks if the evidence is (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by a preponderance of the evidence; and (4) higher in probative value than in prejudicial effect. *See United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005).

However, Rule 404(b) applies only to extrinsic evidence. *See United States v. Ali*, 799 F.3d 1008, 1026 (8th Cir. 2015). Where evidence of other wrongful conduct is offered for the purpose of providing the context in which the charged offense occurred, it is properly considered intrinsic evidence. *See United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014). Intrinsic evidence "provides a total picture of the charged crime," *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014), or "tends logically to prove [an] element of the crime charged," *id.* at 884, and is subject to testing under regular principles of admissibility. *See United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 50 (1st Cir. 2004) (noting that the admissibility of intrinsic evidence is determined under Fed. R. Evid. 401 and 403).

**B.**

We turn first to a consideration of the admissibility of evidence concerning the August 3, 2015 shooting. Buckner argues that the evidence should have been excluded because it was insufficient to allow a jury to conclude by a preponderance of the evidence that he had possessed the same gun that day that was later found in

Richard's car. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) ("[S]imilar acts evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."); Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."). He also argues that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice to his defense. *See* Fed. R. Evid. 403.

We disagree. In a prosecution under 18 U.S.C. § 922(g)(1), the government must prove, *inter alia*, that Buckner knowingly possessed the firearm found in Richard's car on August 11, 2015. *See United States v. Walker*, 393 F.3d 842, 846 (8th Cir. 2005). Such possession can be either actual or constructive. *See United States v. Miscellaneous Firearms & Ammunition*, 945 F.2d 239, 240 (8th Cir. 1991). We have recognized that where the government seeks to establish constructive possession, "[p]rior possession of a firearm is directly relevant to proving later possession of that same weapon because it helps establish ownership or control of the weapon." *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) (citations omitted). Because evidence that Buckner used the same firearm on a previous occasion is highly probative of whether he had constructive control over the weapon eight days later, it "tends logically to prove [an] element of the crime charged." *Thomas*, 760 F.3d at 883. Thus, the evidence of the August 3, 2015 shooting is properly considered intrinsic, and need only meet the general admissibility criteria of Rules 401 and 403. *See Battle*, 774 F.3d at 511-12 (holding that evidence that defendant in felon in possession case previously used same firearm found in vehicle was "direct evidence" and "not subject to Rule 404(b)").

Here, there was sufficient evidence from which a jury could find that on August 3, 2015, Buckner fired the pistol later found with him in Richard's car. In addition to the testimony of witnesses to the shooting, the government introduced evidence

that Buckner had admitted to a jailhouse informant that he had shot at Howard on August 3, and then was caught with the same gun eight days later. Finally, a criminalist testified that four of five cartridge casings found at the scene were fired from the gun recovered on August 11. In making the Rule 104(b) determination, "the court does not weigh the evidence or make credibility determinations, but instead simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *United States v. Armstrong*, 782 F.3d 1028, 1035 (8th Cir. 2015) (finding sufficient evidence such that a reasonable jury could find defendant provided drugs purchased in controlled buy where informant identified defendant as source of drugs, defendant was present at the apartment where buy occurred, and drugs first appeared some minutes after defendant arrived).

We likewise reject Buckner's assertion that the evidence was unfairly prejudicial under Rule 403. Certainly, evidence that Buckner shot at another individual shortly before being arrested is prejudicial to his case. But all admissible evidence tends to be prejudicial to one side or the other—the relevant inquiry is whether it is unfairly so. *See United States v. Brown*, 499 F.3d 817, 822 (8th Cir. 2007). Here, in light of the strong probative value of the evidence relating to Buckner's involvement in the August 3, 2015 shooting, we cannot say that it was. The district court's decision to admit it was thus not an abuse of discretion.

## C.

Buckner next argues that the district court abused its discretion in admitting certain evidence relating to his prior felony conviction in 2006 for reckless use of a firearm, resulting in a gunshot wound. Although Buckner offered to stipulate to the conviction, the district court allowed the government to introduce the testimony of Davenport Police Detective Mark Dinneweth as to his investigation of the underlying

offense. Among other details, Detective Dinneweth testified that officers responding to the shooting found the victim with a "gunshot wound to his left leg, severe bleeding, severely," and that the victim had met with Buckner because he "was there to buy crack." Finally, Detective Dinneweth testified that he was partially able to identify Buckner from a photograph that he had been provided by "the gang unit." Buckner objected to this testimony on the grounds that the government had previously agreed not to introduce evidence that he was a gang member, and asked for a mistrial or an instruction to the jury to disregard the statement. The district court did provide such an instruction. On appeal, Buckner argues that the evidence relating to the 2006 shooting and conviction was inadmissible under Rule 404(b) and unfairly prejudicial under Rule 403.

At trial, Buckner defended himself by asserting that he was merely present in Richard's car when the gun was found, and did not know that it was there. "A defendant denies both knowledge and intent when he asserts the 'mere presence' defense—that he was present, but did not know of the presence of illegal [activity]." *United States v. Tomberlin*, 130 F.3d 1318, 1320 (8th Cir. 1997). We have expressly approved the use of Rule 404(b) evidence of prior possession of a firearm to show knowledge and intent to possess at a later occasion in a felon in possession prosecution. Most notably, in *United States v. Strong*, we observed that "[t]he case law in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." 415 F.3d at 905 (quoting *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003)).

Beyond the materiality of the offense to the charged crime, the 2006 shooting meets the remaining criteria for admissibility under Rule 404(b). There was sufficient evidence to support a finding that Buckner committed the act, and it was similar in

kind and not remote in time from the crime charged. *See id.* at 905-06 (finding conviction for possession of a firearm sixteen years prior to charged offense was not too remote in time). Finally, the probative value of the conviction itself outweighed any prejudice. *See id.* at 906 (citing *United States v. Harris*, 324 F.3d 602, 607 (8th Cir. 2003)). Admission of the fundamental facts relating to the shooting and Buckner's conviction was thus not error.

Buckner argues that the admission of extraneous details in Detective Dinneweth's testimony was unfairly prejudicial, and thus error. The relevance of the 2006 shooting evidence goes to its tendency to prove Buckner's knowledge and intent to possess a firearm at a later time, and in that context he argues that testimony that the victim was bleeding severely, was associated with a gang, or was attempting to buy crack from him, has minimal probative value and is potentially highly prejudicial. *Cf. United States v. Cook*, 454 F.3d 938, 942 (8th Cir. 2006). Nevertheless, we are satisfied on review of the record that the district court did not abuse its discretion in its handling of these details. Most pertinently, at Buckner's request, the district court gave a limiting instruction to the jury both at the time the evidence was introduced and in the final jury instructions prohibiting consideration of the 2006 shooting for propensity purposes. "[T]he presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." *Strong*, 415 F.3d at 906 (quoting *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001)). The court further instructed the jury to disregard Detective Dinneweth's testimony suggesting Buckner was a gang member. In light of these curative steps, and when viewed in the context of the testimony as a whole, it was not an abuse of discretion to admit details of the 2006 shooting. *See Greer v. Miller*, 483 U.S. 756, 765-66 (1987).

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____