# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1238

_____

United States of America

*Plaintiff - Appellee*

v.

Donald Stewart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2019
Filed: September 27, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A superseding indictment charged Donald Stewart with conspiracy to distribute and possess with intent to distribute cocaine and heroin, and with three counts of using a firearm in furtherance of a drug trafficking crime resulting in the death of three persons. The evidence at trial showed that Stewart was part of an extensive conspiracy to distribute heroin and cocaine and acted as "enforcer" or "shooter" for

Donald White, leader of the drug trafficking organization. After a nine-day trial, the jury found Stewart guilty of the drug conspiracy count and two counts of using a firearm resulting in death. On appeal, Stewart argues the district court[1] erred in admitting the government's evidence of five other shootings: an undated attempted shooting of an individual named "Tez"; a November 2008 shooting at a residence occupied by DelMarco Gilyard; the May 2009 shooting of Stephon Johnson; the March 2010 assault of Stewart's brother, Ricky Stewart; and the April 2010 shooting of Damon Walker. Concluding the court did not abuse its discretion, we affirm. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (standard of review).

The district court admitted evidence concerning the first four shootings as intrinsic to the charged offenses. We agree. "When evidence of other crimes tends logically to prove any element of the crime charged it is admissible as an integral part of the immediate context of the crime charged and is not extrinsic." United States v. Battle, 774 F.3d 504, 511 (8th Cir. 2014) (quotation omitted). The evidence showed that Stewart participated in the "Tez" shooting, the Gilyard residence shooting, and the Johnson shooting at the behest of the White organization as it feuded with a rival drug trafficking organization. This evidence was relevant to all the charges, as it tended to prove the existence of the drug conspiracy and Stewart's role as an enforcer who used firearms to further its drug trafficking. The evidence that Stewart accused his brother of stealing drugs and shot at him at Stewart's residence, a residence that featured prominently in the drug trafficking and where firearms and ammunition were later found, was evidence tending to show that Stewart possessed drugs and used firearms to protect drugs that were part of the charged conspiracy. See United States v. Buckner, 868 F.3d 684, 688 (8th Cir. 2017); United States v. Maxwell, 643 F.3d 1096, 1100 (8th Cir. 2011).

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Finally, we conclude that the district court did not abuse its discretion by admitting evidence of the Walker shooting under Federal Rule of Evidence 404(b) to show Stewart's intent and knowledge in the charged offenses. See Fed. R. Evid. 404(b). While not carried out in furtherance of the conspiracy, this shooting tended to show that Stewart was aware of the violent behavior of his co-conspirators and intended to join in their conduct. Its prejudicial effect was mitigated by the district court's limiting instruction. See United States v. Rembert, 851 F.3d 836, 839 (8th Cir. 2017); Buckner, 868 F.3d at 690. Accordingly, we affirm.

_____