# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1243
_____

United States of America

*Plaintiff - Appellee*

v.

John Radermacher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: October 20, 2023
Filed: February 8, 2024
[Published]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found John Radermacher guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851(a). Radermacher appeals his conviction, arguing the district court[1] erred by admitting

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

Rule 404(b) evidence and by denying his motion for judgment of acquittal. We affirm.

I.

First, Radermacher appeals the district court's pretrial ruling that permitted the government to offer evidence of his prior drug conviction under Federal Rule of Evidence 404(b). Radermacher was convicted in 2008 for conspiracy to possess with intent to distribute cocaine. On appeal, he challenges the admission of the prior conviction, arguing that it was too remote and that it was not similar in kind to the charged conspiracy to distribute methamphetamine offense. He also contends that any probative value was outweighed by its prejudicial effect.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, with reasonable pretrial notice of the permitted purpose for offering the evidence, the government may introduce evidence of other crimes "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2), (3). To be admissible, "[t]he evidence must be '(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect.'" United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006) (quoting United States v. Strong, 415 F.3d 902, 905 (8th Cir. 2005)). "We review a district court's decision to admit such evidence for an abuse of discretion, and will reverse only when the evidence 'clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" Id. (quoting Strong, 415 F.3d at 904).

At trial, one of Radermacher's co-defendants testified for the government. The co-defendant said he considered Radermacher a friend. They had recently reconnected when Radermacher was in financial trouble, and he sent Radermacher

some money to help him out. The two then began talking about selling controlled substances. Over the course of two months, the co-defendant fronted Radermacher distribution-sized quantities of methamphetamine on multiple occasions.

Radermacher did not deny a relationship with the co-defendant, but argued it did not include an agreement to distribute methamphetamine. Radermacher characterized the co-defendant as merely an old friend who gave him money when he needed it. According to Radermacher, this financial support—not methamphetamine distribution—was the reason he maintained contact with his friend and co-defendant. By presenting this alternative explanation, however, Radermacher placed his knowledge of the drug conspiracy and his intent to join it at issue, making his prior conviction relevant to the reasons he was in contact with his co-defendant and the nature of their relationship.

Evidence of Radermacher's prior conviction was also "sufficiently similar" in kind to the crime charged. See Strong, 415 F.3d at 905. Each offense involved conspiracy to distribute a controlled substance. It is true that over a decade elapsed between the two offenses, suggesting remoteness. But Radermacher was incarcerated for most of that time and had been out on release for about two years prior to the instant offense. See Walker, 470 F.3d at 1275 (concluding that where there is a long period of incarceration between offenses, "the total number of years separating the prior offense and the charged offense [does] not 'significantly diminish the probativeness of the evidence'" and may lessen the remoteness of the prior conviction (quoting Strong, 415 F.3d at 905)).

While this type of evidence carries the potential for prejudice, Radermacher was given pretrial notice of the government's purpose for using the evidence, and at the pretrial conference the district court offered to provide the jury with a limiting instruction to diminish any potential prejudicial effect. But Radermacher did not raise the issue again when the evidence was introduced, nor did he request a limiting instruction. In sum, the district court did not abuse its discretion in admitting evidence about Radermacher's prior conviction.

## II.

Second, Radermacher appeals the denial of his motion for judgment of acquittal on the grounds that the evidence at trial was insufficient to sustain his conviction. "This court reviews de novo the sufficiency of the evidence supporting a judgment." United States v. Hogan, 539 F.3d 916, 924 (8th Cir. 2008) (citation omitted). "The evidence is viewed in the light most favorable to the verdict; conflicts are resolved in favor of the government; and, all reasonable inferences from the jury's verdict are accepted." Id. (quoting United States v. Castro–Gaxiola, 479 F.3d 579, 581 (8th Cir. 2007)). "[We] 'will reverse the conviction only if we conclude that no reasonable jury could have found the accused guilty beyond a reasonable doubt.'" Id. (quoting United States v. Beck, 496 F.3d 876, 879 (8th Cir. 2007)).

Conspiracy to distribute a controlled substance has three elements: (1) the existence of a conspiracy—that is, an agreement to distribute the illegal drugs; (2) the defendant knew of the conspiracy; and (3) the defendant intentionally joined it. United States v. Sainz Navarrete, 955 F.3d 713, 718–19 (8th Cir. 2020) (citation omitted). Radermacher argues there was insufficient evidence for the jury to find beyond a reasonable doubt that he knowingly joined an agreement to distribute methamphetamine. The government disagrees, pointing to the evidence presented at trial, which included his co-defendant's testimony and corroborating text messages that described fronting pound-sized quantities of methamphetamine to Radermacher on more than one occasion. The jury also heard testimony and learned of corroborating text messages from the co-defendant about his repeated attempts to collect a drug debt from Radermacher, and there were records showing large sums of money being transferred between the two. Though Radermacher denies intentionally and knowingly joining a conspiracy to distribute methamphetamine, the evidence presented at trial was sufficient for a jury to find him guilty of that offense beyond a reasonable doubt.

The judgment of the district court is affirmed.

_____

-4-