# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 05-1351

——————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Dennis Eugene Cockerham, | * | |
| | * | |
| Appellant. | * | |

——————

Submitted: June 22, 2005
Filed: August 8, 2005

——————

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

——————

HEANEY, Circuit Judge.

Dennis Eugene Cockerham was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to a term of 70 months imprisonment followed by three years of supervised release. For reversal, Cockerham argues that the district court erred in admitting his 1995 and 1997 convictions into evidence under Federal Rule of Evidence 404(b). We affirm.

## I. Background

On July 14, 2003, police officers conducted a parole search at a trailer house shared by Dennis Cockerham; his girlfriend, Tammy Blakey; and her three children. Cockerham was not present for the search, but Blakey and her children were present. The authorities searched the home and found a black bag located in the bathroom adjacent to Cockerham's bedroom. The bag contained a loaded .357 caliber revolver and .357 ammunition, along with men's clothes. When asked, Blakey told the police that the firearm belonged to Cockerham.

Nine days later, Cockerham was located in Iowa and arrested for absconding from parole. The Parole Board revoked Cockerham's parole, and Cockerham was charged with one count of being a felon in possession of a firearm.[1]

Prior to trial, the government filed a notice of intent to offer past-acts evidence pursuant to 404(b) of the Federal Rules of Evidence. At trial, the district court[2] permitted the government to enter the evidence of Cockerham's two prior felon-in-possession convictions, and issued a limiting instruction to the jury. The jury returned a guilty verdict, and Cockerham was sentenced to 70 months in prison followed by three years of supervised release. Cockerham timely appeals.

---

[1]Cockerham had two prior convictions for firearms possession contrary to Iowa law. Iowa Code § 724.26 (2004).

[2]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

## II. Discussion

We review the admission of Rule 404(b) evidence for abuse of discretion. See United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002). Evidence of prior bad acts is not admissible "solely to prove the defendant's criminal disposition," United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." Frazier, 280 F.3d at 847 (quoting United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000)).

Cockerham asserts that his past convictions are not relevant and are unduly prejudicial. Our court has held that a defendant's assertions that he was "present but did not know of the presence of illegal [activity]" puts that defendant's knowledge and intent at issue. United States v. Strong, 2005 WL 1719850, at *2 (8th Cir. July 26, 2005) (quoting United States v. Tomberlin, 130 F.3d 1318, 1320 (8th Cir. 2005)) (alteration in Strong). Further, we have agreed with other circuits that a past firearms conviction may be used to establish knowledge and intent for purposes of the present conviction. Strong, 2005 WL 1719850, at *2. This forecloses Cockerham's argument that the past convictions are not relevant to the present offense.

With regard to the claim of undue prejudice, our court assigns great weight to the district court's evaluation of evidentiary prejudice and probative value, and we will normally defer to its judgment. United States v. Franklin, 250 F.3d 653, 659 (8th Cir. 2001). Moreover, a proper limiting instruction serves as a protection against unfair prejudice. Id.

In determining whether or not to admit evidence of Cockerham's past convictions, the district court reviewed the prior convictions in light of the four-factor test adopted by our circuit. Each of the factors was addressed by the district court, and counsel for both parties were allowed to make arguments regarding each factor. Cockerham submitted all of his arguments regarding prejudicial effects. The court decided that the probative value of those convictions in helping to prove Cockerham's knowledge and lack of mistake outweighed the potential prejudice resulting from admitting them into evidence. In recognition of this potential prejudice, the court issued an appropriate limiting instruction to the jury. Because Cockerham's knowledge was at issue in the trial and an appropriate limiting instruction was given to the jury, we find no abuse of discretion.

### III. Conclusion

For the reasons we have stated, the judgment of the district court is affirmed.

_____