# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2642

_____

United States of America

*Plaintiff - Appellee*

v.

Ray Bassett, also known as Memphis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 12, 2014
Filed: August 6, 2014

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Ray Anthony Bassett was convicted of conspiracy to commit bank robbery, possession of a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. He appeals, arguing the evidence was insufficient to convict him of conspiracy and possession of a firearm in furtherance of a crime of violence.

He also contends that the district court[1] erred by denying his motion in limine to exclude Rule 404(b) evidence. With jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Otis McAllister, a federal inmate, developed a plan to reduce his 37-year sentence. With the help of his nephew, Anthony McAllister, Otis McAllister solicited his cousins, Ray and Willie Bassett, to rob Pulaski Bank in St. Louis, Missouri. He intended to inform the FBI of the robbery to obtain a sentence reduction pursuant to Fed. R. Crim. P. 35(b).

Ray and Willie Bassett were unaware the robbery was a set-up. Otis and Anthony McAllister told them it would be "an inside job" and that a female employee at Pulaski Bank would assist them.

On October 29, 2011, Otis McAllister contacted the FBI about the bank robbery, set for November 4. Based on Otis McAllister's tip and his in-prison phone calls, the FBI searched Anthony McAllister's residence in the early morning of November 4, arresting Anthony McAllister, Ray Bassett, and Willie Bassett on-site. The FBI also recovered a .22 caliber semi-automatic pistol, a firearm magazine, ammunition, dark colored clothing and hats, a roll of duct tape, and latex and black-knit gloves.

In his post-arrest interview with FBI Special Agent Bill Meyers, Ray Bassett admitted intending to rob Pulaski Bank; soliciting another person to participate; purchasing a handgun, ammunition, gloves, dark colored clothing, a duffel bag, and a backpack; borrowing money from his girlfriend to rent a car for the robbery; asking

---

[1]The Honorable Stephen N. Limbaugh Jr., United States District Judge for the Eastern District of Missouri.

his sister to rent the car in her name; traveling from Memphis to St. Louis on November 1; and canvassing the bank with his fellow robber and another individual. He also admitted committing an armed bank robbery in 2000.

In May 2012, Ray Bassett was indicted on four counts: (I) conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 371; (II) attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2(a); (III) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (IV) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Willie Bassett was indicted on Counts I and II. Otis and Anthony McAllister were indicted for solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a). The four were scheduled for a joint trial.

Before trial, Ray Bassett filed a motion in limine to preclude the government from introducing, eliciting, or mentioning evidence of his criminal arrest record, prior bad acts, or uncharged offenses—specifically, his 2000 armed bank robbery—to demonstrate propensity to commit the crimes charged or to impeach his credibility. The district court denied the motion, finding evidence of the 2000 armed bank robbery admissible under Fed. R. Evid. 404(b).

Trial commenced in February 2013. At trial, the government introduced Ray Bassett's admission to committing an armed bank robbery in 2000. The district court instructed the jury on the limited use of this Rule 404(b) evidence. At the close of the government's case, Ray Bassett moved for judgment of acquittal on Counts I and II, arguing that the government failed to prove that "the taking or attempted taking of the money from the Pulaski Bank . . . [was] by force and violence and intimidation," as required under § 2113(a). The district court denied the motion. At the close of all the evidence, Ray Bassett again moved for judgment of acquittal "based on all the reasons we previously stated." The court denied the motion.

The jury convicted Ray Bassett on Counts I, III, and IV and acquitted him on Count II. The jury acquitted Willie Bassett and Anthony McAllister on all counts and convicted Otis McAllister of solicitation of conspiracy to commit bank robbery.

After trial, Ray Bassett filed a third motion for judgment of acquittal on Count I, arguing the evidence did not support a conspiracy conviction because the jury convicted only one of his co-defendants (Otis McAllister) and there was no "meeting of the minds" between the two. He also moved for judgment of acquittal on Count III, possession of a firearm in furtherance of a crime of violence, because it relied on the conspiracy conviction. He then moved for a new trial, arguing, among other things, that the district court erred in admitting evidence of the 2000 armed bank robbery. The court denied both motions. The court sentenced him to 138 months' imprisonment.

## II. Discussion

### A. Sufficiency of Evidence

On appeal, Ray Bassett contends the district court erred in denying his motions for judgment of acquittal and motion for a new trial because the evidence was insufficient to convict him of conspiracy to commit bank robbery. He also challenges his conviction for possession of a firearm in furtherance of a crime of violence.

"We review *de novo* the denial of a motion for judgment of acquittal," viewing "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Wanna, 744 F.3d 584, 588 (8th Cir. 2014) (quotation omitted). "Where a party challenges the evidence underlying his conviction, the standard of review is very strict, and the jury's verdict is not to be lightly overturned." United States v. Hayes, 391 F.3d 958, 961 (8th Cir.

2004). "'We may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" Wanna, 744 F.3d at 588 (quoting United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003)).

"We review a denial of a motion for a new trial for an abuse of discretion, recognizing that a new trial motion should only be granted where 'the interest of justice so requires.'" United States v. Janis, 556 F.3d 894, 897 (8th Cir. 2009) (quoting United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004)).

In Count I, Ray and Willie Bassett were indicted for conspiring, "among themselves, and with other persons known and unknown to the Grand Jury" to commit bank robbery. The district court instructed the jury on the elements of Count I: (1) on or before November 4, 2011, two or more persons reached an agreement or came to an understanding to commit bank robbery; (2) defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; (3) at the time defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and (4) while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did an overt act. See United States v. Hoelscher, 764 F.2d 491, 494 (8th Cir. 1985) ("'The offense of conspiracy consists of an agreement between [two or more persons] to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy.' . . . The agreement need not be express or formal and may be established by circumstantial evidence.") (quoting United States v. Holder, 560 F.2d 953, 957 (8th Cir. 1977)); see also 18 U.S.C. § 371 (Conspiracy requires "two or more persons [to] conspire . . . to commit any offense against the United States.").

On appeal, the parties agree that the evidence is insufficient to show that Ray Bassett conspired with Otis or Anthony McAllister to rob Pulaski Bank. Ray Bassett contends, however, that the evidence is also insufficient to show he conspired with

Willie Bassett, because "Willie was found not guilty of conspiracy by the jury, so Ray could not have joined in an agreement with him . . . ."

In United States v. Powell, the Supreme Court held that the acquittal of a criminal defendant on one count does not invalidate his conviction on another count, even if the acquittal and conviction are inconsistent. 469 U.S. 57, 64–67 (1984). "[W]here truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" Id. at 64–65 (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)).

In United States v. Morton, we recognized that, "[a]lthough *Powell* involved inconsistent verdicts on multiple counts as they pertained to a single defendant, the reasons that the Court gave to justify its decision apply equally to a conviction of one defendant that is inconsistent with a verdict of acquittal of another defendant on the same count." 412 F.3d 901, 904 (8th Cir. 2005) (citing United States v. Zuniga-Salinas, 952 F.2d 876, 877–78 (5th Cir. 1992) (en banc); United States v. Mancari, 875 F.2d 103, 104 (7th Cir. 1989)). Accordingly, we rejected the defendant's argument that "the acquittal of his only alleged co-conspirator requires reversal of his conspiracy conviction." Id. "So long as the guilty verdict is supported by sufficient evidence, courts have no cause to interfere," even if the only other co-conspirator is acquitted. United States v. Fuller, 374 F.3d 617, 623 (8th Cir. 2004).

Notwithstanding Willie Bassett's acquittal, there was sufficient evidence that Ray Bassett conspired with him to commit a bank robbery. At trial, Agent Meyers testified that during a post-arrest interview, Ray Bassett admitted that he asked another person to participate in the bank robbery, and that person agreed. He also described the roles he and the other robber would play: before the bank opened, they

would approach the "inside" employee and her co-worker in their cars; Ray Bassett would brandish his gun and grab the co-worker; the other robber would enter the bank with the "inside" employee; and once inside, Ray Bassett would tie up both employees, and the other robber would gather the money. Agent Meyers also testified that Ray Bassett understood he would split the money with the other robber and two others.

Phone calls, emails, and testimony admitted at trial also provided evidence of the conspiracy between Ray and Willie Bassett. In a September 2011 email, Otis McAllister told Anthony McAllister to contact Ray and Willie Bassett about "something in the works" and inform them of the dollar amount. In a September 2011 phone call, Otis McAllister said that his cousins, Ray and Willie, "will do any damn thing." In October 2011 phone calls, Otis McAllister told Ray Bassett to ask Willie Bassett to help rob the bank and to bring guns to make the robbery "look good." The two also discussed how to split the money. In November 2011, Anthony McAllister informed Otis McAllister that Ray and Willie Bassett were staying at his house and that he had shown them the target bank. Otis McAllister later talked to both Ray and Willie Bassett, who confirmed they were staying at Anthony McAllister's, had everything they needed for the robbery, and had already made plans for their share of the money. Throughout the calls, Otis and Anthony McAllister and Ray Bassett referenced more than one robber. At trial, Otis McAllister confirmed the content of the emails and phone calls. He also testified that he convinced Ray and Willie Bassett to commit the robbery, that they rented a car and drove from Memphis to St. Louis, and that they stayed at Anthony McAllister's house to prepare for the robbery.

The evidence is sufficient to support Ray Bassett's conspiracy conviction. Because the evidence was sufficient to convict him of conspiracy, his challenge to the conviction for possession of a firearm in furtherance of a crime of violence is without merit. The district court did not err in denying his motion for judgment of acquittal.

In a related argument, Ray Bassett asks this court to grant a new trial because there is insufficient evidence that he conspired with another person to commit a bank robbery. He did not raise this issue in his motion for a new trial in district court. Regardless, because there was ample evidence that Ray and Willie Bassett had an agreement to rob Pulaski Bank, Ray Bassett is not entitled to a new trial on this basis.

## B. Rule 404(b) Evidence

Ray Bassett also argues that the district court erred in admitting the portion of his November 4, 2011, statement to Agent Meyers in which he confessed to a 2000 armed bank robbery. He claims the 2000 robbery is not sufficiently similar to the robbery here and that admission of his confession was unduly prejudicial.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Such evidence is admissible if '(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.'" United States v. Cockerham, 417 F.3d 919, 921 (8th Cir. 2005) (quoting United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002)). "'We review the district court's admission of evidence of past crimes under [Federal Rule of Evidence] 404(b) for abuse of discretion, and we will not reverse unless the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" United States v. Banks, 706 F.3d 901, 906 (8th Cir. 2013) (quoting United States v. Betterton, 417 F.3d 826, 831 (8th Cir. 2005)).

Ray Bassett challenges the district court's finding that his 2000 armed bank robbery was "similar in kind" to the robbery charged here. At trial, Agent Meyers testified that Ray Bassett admitted conspiring with another person to commit an armed bank robbery in St. Louis in 2000. According to Ray Bassett's admission, he and a fellow robber cased the bank before the robbery; wore ski masks to disguise their appearance; approached a bank employee in her vehicle as she arrived in the parking lot; brandished a gun; forced the employee to walk into the bank with them; tied her up; and used duffel bags to remove the money. Although the 2000 armed bank robbery was not an "inside job," it was sufficiently similar to the robbery planned here to be admissible under Rule 404(b). See United States v. Walker, 470 F.3d 1271, 1275 (8th Cir. 2006) ("When admitted to show intent, 'the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent.'") (quoting United States v. Strong, 415 F.3d 902, 905 (8th Cir. 2005)).

Ray Bassett also contends that evidence of his 2000 armed bank robbery was more prejudicial than probative. The 2000 armed bank robbery was probative of Ray Bassett's intent to rob Pulaski Bank as charged in Counts I and II. At trial, Ray Bassett argued that he could not be convicted of conspiracy or attempted bank robbery because the robbery was fake. Through this defense, Ray Bassett placed his intent at issue, permitting the government to introduce evidence of the 2000 armed bank robbery. See United States v. Lucas, 499 F.3d 769, 781 (8th Cir. 2007) ("Since [the defendant] put his knowledge and intent at issue, and the government had the burden of proof on these elements, admission of the 404(b) evidence was proper."); United States v. Jones, 110 F.3d 34, 36 (8th Cir. 1997).

Finally, the evidence was not unduly prejudicial. Only one witness testified about Ray Bassett's admission to the 2000 armed bank robbery. The testimony was short and entered near the end of the government's case. In its closing and rebuttal, the government mentioned the 2000 bank robbery only two times, observing that it "should inform you about what Ray Bassett's intent was in this case." Moreover, the

court provided a limiting instruction, cautioning the jury about the limited purpose of Rule 404(b) evidence.

> You are about to hear evidence that Defendant Ray Anthony Bassett admitted to committing an armed bank robbery in the Year 2000. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.
>
> If you find this evidence has been proved, then you may consider it to help you decide Defendant Ray Anthony's—Anthony Bassett's motive, opportunity, intent, plan, knowledge and modus operandi. You should not give it the weight and value or you should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it. Remember, even if you find that the Defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past.

"[A] proper limiting instruction serves as a protection against unfair prejudice." Cockerham, 417 F.3d at 921.

The district court did not abuse its discretion in admitting evidence of Ray Bassett's confession to a 2000 armed bank robbery.

## III.  Conclusion

The judgment is affirmed.

_____