# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4481

_____

United States of America

*Plaintiff - Appellee*

v.

Jamal L. Vassie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 22, 2017
Filed: January 24, 2018
[Unpublished]

_____

Before BOWMAN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found Jamal Vassie guilty of conspiracy, aiding and abetting Hobbs Act robbery, and aiding and abetting the possession of a firearm in furtherance of a crime

of violence, 18 U.S.C. §§ 371, 1951(a), 924(c)(1)(A), (c)(2). The District Court[1] sentenced Vassie to an aggregate term of 140 months in prison, and he appeals. In a brief filed by counsel under Anders v. California, 386 U.S. 738 (1967), and in a pro se supplemental brief, Vassie challenges the sufficiency of the evidence, the application of two United States Sentencing Guidelines enhancements, and the reasonableness of the sentence. For the reasons that follow, we affirm.

The evidence introduced at Vassie's two-day trial included the testimony of two victims who were robbed at gunpoint and a cooperating coconspirator who described the robberies and the participation of four codefendants, including Vassie. In addition, several law enforcement officials, some of whom were conducting surveillance when one of the robberies occurred, testified about the activities of the coconspirators and Vassie's incriminating post-arrest statements. Viewing the evidence in a light most favorable to the government, without disturbing the jury's credibility determinations, we conclude that the evidence supported the jury's verdict. See United States v. Bassett, 762 F.3d 681, 685 (8th Cir.) (defining conspiracy to commit bank robbery), cert. denied, 135 S. Ct. 882 (2014); United States v. House, 825 F.3d 381, 386–87 (8th Cir. 2016) (defining Hobbs Act robbery), cert. denied, 137 S. Ct. 1124 (2017); United States v. McArthur, 850 F.3d 925, 941 (8th Cir. 2017) (defining aiding and abetting a § 924(c) offense). We also conclude that Vassie's conviction under 18 U.S.C. § 924(c) has not been called into question by Johnson v. United States, 135 S. Ct. 2551 (2015). See Diaz v. United States, 863 F.3d 781, 783–84 (8th Cir. 2017); United States v. Prickett, 839 F.3d 697, 699 (8th Cir. 2016) (per curiam), petition for cert. filed, No. 16-7373 (U.S. Dec. 30, 2016).

Turning to Vassie's sentence, we find no error in the District Court's imposition of enhancements that may apply if a firearm was brandished or possessed

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

during a robbery and if "carjacking," as defined in the Guidelines commentary, was involved.  See U.S. Sentencing Guidelines Manual § 2B3.1 & cmt. n. 1; United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) ("The Government must prove by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement.").  Finally, we find no indication in the record that the District Court committed procedural error or otherwise imposed an unreasonable sentence.  See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review).

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we find no non-frivolous issues.  We affirm the judgment of the District Court and grant counsel's motion to withdraw.

_____