# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3494

_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Kills Crow Indian, also known as Samuel High Hawk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: June 22, 2018
Filed: June 28, 2018
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Samuel Kills Crow Indian directly appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of assault. His counsel has moved to

---

[1] The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging a jury instruction and the reasonableness of the sentence. In a pro se brief, Kills Crow Indian raises a speedy trial argument, challenges the veracity and reliability of witness testimony, and asserts that he received ineffective assistance of counsel.

To begin, we decline to consider Kills Crow Indian's ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). With regard to Kills Crow Indian's speedy-trial claim, we conclude that his consent was not required to continue his trial date, given the district court's finding that the ends of justice served by continuing the case upon his counsel's request outweighed the best interests of the public and Kills Crow Indian in a speedy trial. See United States v. Herbst, 666 F.3d 504, 509-10 (8th Cir. 2012) (de novo standard of review).

As to Kills Crow Indian's witness-credibility assertions, we do not evaluate the credibility of witnesses or the weight to be given their testimony, because credibility determinations are uniquely within the province of the trier of fact and are entitled to deference. See United States v. Spight, 817 F.3d 1099, 1102 (8th Cir. 2016); United States v. Bassett, 762 F.3d 681, 684 (8th Cir. 2014) (evidentiary conflicts are resolved in government's favor, and all reasonable inferences that support jury's verdict are accepted). Further, we conclude that the district court did not abuse its discretion in giving the challenged jury instruction. See United States v. El-Alamin, 574 F.3d 915, 927 (8th Cir. 2009) (standard of review).

In addition, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal,

within-Guidelines-range sentence may be presumed reasonable).  Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____