# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2990

_____

United States of America

*Plaintiff - Appellee*

v.

Arnaldo Badillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 6, 2018
Filed: September 11, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arnaldo Badillo directly appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of conspiracy to distribute cocaine. His counsel has

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel challenges the sufficiency of the evidence to convict Badillo, arguing that the testimony of certain co-conspirators was unreliable; argues that the district court abused its discretion in the admission of purported hearsay evidence; and challenges the reasonableness of the within-Guidelines-range sentence. In a pro se brief, Badillo appears to argue that the statements of various co-conspirators-- which were admitted at trial, and were also used in determining drug quantities for sentencing--referred to conspiracies other than the one in which he was involved.

As to counsel's witness-credibility assertions, we do not evaluate the credibility of witnesses or the weight to be given their testimony, because credibility determinations are uniquely within the province of the trier of fact and are entitled to deference. See United States v. Bassett, 762 F.3d 681, 684 (8th Cir. 2014) (evidentiary conflicts are resolved in government's favor, and all reasonable inferences that support jury's verdict are accepted); United States v. Aguilar-Portillo, 334 F.3d 744, 747-48 (8th Cir. 2003) (despite concerns about reliability and consistency of coconspirators' testimony in exchange for leniency from government, such testimony detailing defendant's involvement is sufficient to sustain drug conspiracy conviction).

Next, we conclude that the district court did not abuse its discretion in admitting certain out-of-court statements of Badillo's co-conspirators, as this testimony was not hearsay. See United States v. Bercier, 506 F.3d 625, 629-30 (8th Cir. 2007) (trial witness's prior consistent out-of-court statement is not hearsay if offered to rebut express or implied charge against declarant of recent fabrication or improper influence or motive); Bourjaily v. United States, 483 U.S. 171, 175 (1987) (out-of-court declaration of co-conspirator is admissible against defendant if government demonstrates that conspiracy existed, defendant and declarant were members of conspiracy, and declaration was made during course and in furtherance of conspiracy). As to Badillo's pro se arguments that the statements were not made

in furtherance of the conspiracy, we conclude that the district court did not commit clear error, as the evidence showed that Badillo participated in delivering large quantities of cocaine to drug dealers. That these drug dealers would further distribute the cocaine was plainly foreseeable, as well as integral to the conspiracy to distribute cocaine. See United States v. Edwards, 994 F.2d 417, 421 (8th Cir. 1993) (district court's finding that out-of-court declaration was in furtherance of conspiracy is reviewed for clear error); United States v. Weekly, 118 F.3d 576, 578 (8th Cir. 1997) (drug quantity determination is reviewed for clear error; district court may base defendant's sentence on drugs attributed to co-conspirators if activities were in furtherance of conspiracy and were reasonably foreseeable to defendant).

We further conclude that the district court did not impose a substantively unreasonable sentence, as the court considered the appropriate factors under 18 U.S.C. § 3553(a) (factors to be considered in imposing sentence), and there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence is presumed reasonable); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented and addresses § 3553(a) factors, sentence is not unreasonable). Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____