# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2015

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
Robert J. Dupont, Jr.,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　Defendant - Appellant.　*

_____

No. 11-2017

_____

Appeal from the United States
District Court for the
Western District of Missouri.

United States of America,　　　　　*　　[PUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
Laverne D. Dupont,　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　Defendant - Appellant.　*

_____

Submitted: February 17, 2012
Filed: March 5, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, the district court[1] found Robert Dupont and his wife, Laverne Dupont, guilty of health care fraud and conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 2, 371, and 1347. The court sentenced Robert Dupont to sixty months in prison and Laverne Dupont to five years of probation. The Duponts appeal, claiming the court erred in denying their motion for acquittal because there was insufficient evidence to sustain the convictions. We affirm.

"We review the denial of a judgment of acquittal de novo." United States v. Thompson, 533 F.3d 964, 970 (8th Cir. 2008). "In considering whether a motion for judgment of acquittal was properly denied, we view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." United States v. Milk, 447 F.3d 593, 598 (8th Cir. 2006). Further, the trier of fact must be presumed to have "resolv[ed] evidentiary conflicts in favor of the government[.]" United States v. Water, 413 F.3d 812, 816 (8th Cir. 2005) (internal quotation marks and citation omitted). "A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Boesen, 491 F.3d 852, 855 (8th Cir. 2007) (internal quotation marks and citation omitted).

In 2000, prior to this case, Robert Dupont pleaded guilty to a charge of conspiracy to defraud the United States when he concealed ownership in a company that submitted billings to Medicare and Medicaid. He served twenty-one months in prison and, as part of his sentence, was forbidden from receiving funds from any federal health care program, including Medicaid and Medicare, for twenty years.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Although the Duponts do not dispute the elements of health care fraud,[2] they argue the government failed to prove they willfully intended to defraud the government. The Duponts claim their activities did not amount to fraud because Missouri Medicaid did not lose money and the residents received the care and services to which they were entitled. However, in this case, the fraud had nothing to do with the residents' care. Rather, as found by the district court, the Duponts committed health care fraud by conspiring to allow Robert Dupont to act as director of Joplin River of Life Ministries, Inc. ("JROL"), an organization which received federal health care funds—in violation of the terms of his prior sentence—and then covering up his role as director.

The record supports the district court's finding that although Robert Dupont had directed the board to install Laverne Dupont into his former position as executive director of JROL, Robert Dupont willfully continued to function as, at the very least, "sharing the operating and principal responsibilities with his wife during and after his prison term." Mem. Order and Verdict at 5, Sept. 30, 2010. In reaching this conclusion, the court relied on the testimony of Walter Taylor and Susan Green. Those witnesses testified that the JROL board always followed the suggestions of

---

[2]In relevant part, 18 U.S.C. § 1347 makes the following a crime:

(a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—

      (1) to defraud any health care benefit program; or
      (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

in connection with the delivery of or payment for health care benefits, items, or services . . . .

Robert Dupont, that Dupont regularly questioned Taylor on how Taylor billed Medicaid, and that Dupont exercised authority over personnel. Taylor further testified Laverne Dupont was only there "for show." The court explained it found the testimony of Lionel Smiles, who supported the Dupont's story Robert was merely an employee (which would have been permitted under his conviction conditions), "largely incredible due to . . . inconsistencies and his general manner while testifying." Id. at 4. Moreover, the court found Robert Dupont's own testimony irrelevant to the question of whether he was acting as a principal or operator.

In addition, the government presented sufficient evidence for the court to find the Duponts willfully concealed Robert Dupont's role as de facto principal. The record shows Laverne Dupont signed re-licensing applications in which she attested that no operator or principal in the operation of the facility was under exclusion from participation in the Title XIX (Medicaid) program, a statement she knew to be false. Further, Robert Dupont attempted to conceal his true role by asking the board to install his wife as acting director, while still personally overseeing JROL operations.

"To convict [the defendants] of conspiracy, the government was required to show that there was a conspiracy with an illegal purpose, [both defendants] were aware of the conspiracy, and they both knowingly became part of it." Boesen, 491 F.3d at 856. "A formal agreement is not required to create a conspiracy, and the existence of a conspiracy can be proved by direct or circumstantial evidence." United States v. Williams, 534 F.3d 980, 985 (8th Cir. 2008). The record supports the district court's conclusion that while both Duponts were aware of Robert Dupont's exclusion from federal health care programs, they both nevertheless acted affirmatively to support and conceal his role as a de facto director by, among other things, falsifying licensure applications.

Viewing the evidence most favorably to the government, the district court could have inferred both Robert and Laverne Dupont knowingly and willfully executed a scheme to defraud a health care program, and did so in a joint conspiracy. See Boesen, 491 F.3d at 858 (finding evidence sufficient to infer the defendant "knowingly and willfully executed a scheme to defraud a health care program, acting in a conspiracy" when the defendant, acting as the office manager for his physician brother, submitted medical billing codes to insurance companies they both knew were unjustified); see also United States v. Dearing, 504 F.3d 897, 901-02 (9th Cir. 2007) (finding evidence sufficient to prove a violation of 18 U.S.C. § 1347 where the defendant willfully participated in a billing scheme he knew to be fraudulent, and then willfully misrepresented and concealed his activity).

The judgment of the district court is affirmed.

_____