# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2898

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Castillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 15, 2013
Filed: April 24, 2013

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Joel Castillo was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. The district court[1] denied Castillo's motion for judgment of acquittal and his request for an offense level

_____

[1] The Honorable P.K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

reduction based on mitigating role before sentencing him to 235 months, and Castillo appeals. We affirm.

Castillo was a professional truck driver who regularly drove produce from California to Maryland. In November 2011 he was stopped by Deputy Derrick Nietert while driving east on interstate 40 near Ozark, Arkansas. Deputy Nietert had observed Castillo swerving across lanes and noticed that his truck was missing a mudflap and had a broken tail light. After approaching the truck, Nietert told Castillo why he had stopped him and asked him about his destination and what he was carrying. Castillo appeared nervous, and he touched his face and shifted around while producing his license, logbook, and shipping manifest. When asked if he consented to a search of his truck, he replied affirmatively.

Officer Joey Griffith of the Ozark Police Department was in the vicinity and heard about the stop on his radio so he went to the scene to back up Deputy Nietert. While searching the truck's cabin, Griffith found a brown cardboard box wrapped in cellophane in the sleeper area. Deputy Nietert noticed that the box smelled faintly of mustard. He knew drug traffickers often used masking agents to conceal the smell of drugs from police dogs so he removed the box from the truck, took it over to Castillo, and opened it. Inside were four bundles wrapped in cellophane and caked in yellow mustard. Believing the bundles to contain methamphetamine, the officers called for further assistance. Griffith noticed Castillo drop his head in silence as the box was opened. At that time Castillo did not offer any explanation about the contents of the box.

Castillo was arrested and subsequently charged with one count of possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841. At trial both Deputy Nietert and Officer Griffith testified about the stop and the search of Castillo's truck. A laboratory report was entered into evidence which indicated that the bundles removed from Castillo's truck contained 9.8 pounds

of 91% to 99% pure methamphetamine chloride. A government witness testified that that amount of methamphetamine would be worth approximately $200,000 in raw form and over $1 million when separated into street level distribution quantities. The witness also testified about the typical behavior of drug traffickers and the role of a courier in a drug trafficking organization. At the close of the government's case, Castillo moved for judgment of acquittal, arguing that the government had not presented sufficient evidence to prove that he had known that he was transporting a controlled substance. The district court denied the motion.

Castillo took the stand in his own defense and testified that the methamphetamine found in the truck had been given him by a friend known as "El Cowboy." According to Castillo, El Cowboy had asked him to deliver a box of medicine to a friend in Maryland who would buy him "a couple of tacos" to thank him for the delivery. Castillo explained that he had agreed to deliver the package because it had seemed rude to refuse. He also testified that he had never noticed a smell coming from the box even though he had lifted it on and off the bed in the sleeper area of his truck.

In rebuttal the government called an expert witness who testified that a drug courier would have to be highly trusted to carry a substance as valuable as pure methamphetamine. The expert also testified that couriers ordinarily know the exact type and amount of drugs they are carrying because "[o]nce you pick up drugs from a drug-smuggling operation, you are responsible then for successfully delivering that to the other end . . . . If there are packages missing, there could be big issues with that, [and] you would be responsible for anything that's missing." Castillo again moved for a judgment of acquittal at the close of all the evidence. The district court denied the motion, and the jury found Castillo guilty.

The presentence investigation report (PSR) recommended a base offense level of 38 and criminal history category II for Castillo. That resulted in a guideline range

of 262 to 327 months. Castillo objected, arguing that the PSR should have recommended a sentence reduction for a mitigating role under U.S.S.G. § 3B1.2 because of his limited role in the drug trafficking operation. The district court overruled Castillo's objection, concluding he had not shown his role in the offense to be minimal. The court concluded, however, that Castillo's criminal history score overstated the seriousness of his sole prior offense and varied downward to criminal history category I. The resulting guideline range was 235 to 293 months, and the court sentenced Castillo to 235 months. Castillo appeals, arguing that the district court erred by denying his motions for judgment of acquittal and mitigating role, failing to consider all the relevant sentencing factors, and imposing a substantively unreasonable sentence.

We review de novo the denial of a motion for judgment of acquittal and will affirm if any rational jury could have found that the evidence established the essential elements of the charged crime beyond a reasonable doubt. United States v. Aponte, 619 F.3d 799, 804 (8th Cir. 2010) (citation and internal quotation marks omitted). We view the evidence "in the light most favorable to the government, drawing all reasonable inferences and resolving all evidentiary conflicts in favor of the jury's verdict." Id.

To prove that a defendant is guilty of possession with intent to distribute methamphetamine, the government must establish that he possessed the drug knowingly or intentionally. 21 U.S.C. § 841(a)(1). A defendant's dominion over a vehicle is sufficient to allow a rational jury to infer his knowledge of drugs concealed inside of it even if he denies knowing anything about them. See Aponte, 619 F.3d at 804. A jury also may infer knowledge from a defendant's "lack of surprise when drugs are discovered," from "an obvious odor of drugs or an agent typically used to mask the odor of drugs," or from "common indicia of [a] guilty conscience[]" such as nervousness or an implausible cover story. Id. at 805–06 & n.4.

-4-

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the government presented sufficient evidence for a rational jury to find that Castillo possessed the methamphetamine knowingly or intentionally. All of the Aponte factors are present in this case.  The government presented evidence that Castillo was the sole operator and passenger of the truck in which the methamphetamine was found; that Castillo appeared nervous when asked to step out of the truck; that the box of methamphetamine smelled of mustard, a common agent for masking the odor of drugs; that Castillo seemed unsurprised when the methamphetamine was discovered; and that Castillo's story about El Cowboy was implausible because drug traffickers would be most unlikely to entrust pure methamphetamine to an unknown person.  This was sufficient to allow the jury to find that Castillo possessed the methamphetamine knowingly or intentionally.

In reviewing the sentence imposed by the district court we "first ensure that the district court committed no significant procedural error," such as improperly calculating the guideline range or failing to consider the sentencing factors in 18 U.S.C. § 3553(a).  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  We review the district court's findings of fact for clear error and its application of the guidelines to those facts de novo.  United States v. Aleman, 548 F.3d 1158, 1163 (8th Cir. 2008).  If there was no procedural error, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Feemster, 572 F.3d at 461 (quoting Gall, 552 U.S. at 51).

Castillo first argues that the district court committed procedural error by denying him an offense level reduction for mitigating role under U.S.S.G. § 3B1.2. To receive a reduction under § 3B1.2, a defendant must prove he "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2 cmt. n.3(A); United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012).  If the defendant is the "sole participant" in a crime, a mitigating

role reduction is not available without proof that the relevant conduct involved more than one participant and that his culpability was relatively minor compared to the other participants. United States v. Snoddy, 139 F.3d 1224, 1231–32 (8th Cir. 1998).

We conclude that the district court did not clearly err in finding that Castillo had failed to prove he had a mitigating role in the offense. Castillo argues that if he were a drug courier, there would have been others involved who were more culpable than he. The only such evidence he offered, however, was his testimony about El Cowboy and the box of medicine intended for his friend in Maryland. Castillo offered no evidence at sentencing to show what roles El Cowboy and his Maryland friend played in the drug trafficking operation or to show that they were more culpable than he. Furthermore, the government's expert witness testified that methamphetamine of the quantity and purity found in Castillo's truck ordinarily would be entrusted only to a well known courier. The district court did not clearly err in finding Castillo had not proven his role was sufficiently minor to warrant an offense reduction.

Castillo next argues that the district court committed procedural error by failing to consider all the sentencing factors in 18 U.S.C. § 3553(a). When considering the § 3553(a) factors, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). So long as the court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied." Id. at 1111 (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)). Here, the district court stated that it had "considered the factors set forth in Title 18, United States Code Section 3553(a)," including Castillo's criminal history, 18 U.S.C. § 3553(a)(1), and it concluded that criminal history category II overstated the seriousness of his prior offense. We conclude the record shows that the court considered the § 3553(a) factors in determining Castillo's sentence.

Castillo also challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence for abuse of discretion, <u>Feemster</u>, 572 F.3d at 461, applying a presumption of reasonableness when the sentence is within the defendant's guideline range, <u>United States v. Dengler</u>, 695 F.3d 736, 740 (8th Cir. 2012). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." <u>Feemster</u>, 572 F.3d at 461 (quoting <u>United States v. Kane</u>, 552 F.3d 748, 752 (8th Cir. 2009)) (internal quotation marks omitted). Castillo argues that the district court clearly erred in weighing the § 3553(a) factors, but we disagree. The district court carefully weighed the sentencing factors, reduced Castillo's criminal history category to reflect the seriousness of his prior offense, and imposed a sentence that was at the bottom of the resulting guideline range. After our review, we conclude that the district court did not abuse its discretion.

For these reasons the judgment of the district court is affirmed.

_____