# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3309

_____

United States of America

*Plaintiff – Appellee*

v.

Tyrell Grimes

*Defendant – Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: April 13, 2016
Filed: June 14, 2016

_____

Before COLLOTON and GRUENDER, Circuit Judges, and BOUGH,[1] District
Judge.

_____

BOUGH, District Judge.

A jury convicted Tyrell Grimes of two counts: Count I - possessing an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and Count IV - being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The jury found Grimes not guilty on Count II - possessing a firearm with serial number removed in violation of 18 U.S.C. §

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

922(k). Grimes was sentenced to ninety-two months imprisonment on Counts I and IV, to be served concurrently. Grimes contends that the evidence was insufficient to support the jury verdict, and the district court[2] erred in denying Grimes's motion for judgment of acquittal. Grimes further contends the district court erred in applying a four-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B). For the reasons discussed below, we affirm.

I.

We state the facts in the light most favorable to the jury's verdict. On October 29, 2014, a four-count Indictment was filed against Grimes and his co-defendant, Kevin Lamike Jenkins, Jr. The Indictment resulted from an investigation of Jenkins by the Bureau of Alcohol, Tobacco, and Firearms. An employee of a firearms retailer notified ATF that Jenkins, a suspected "straw purchaser," was attempting to purchase firearms. As a result, an ATF agent posing undercover arranged to meet Jenkins to discuss and negotiate Jenkins's purchase of firearms from the agent, specifically firearms with serial numbers removed.

On October 1, 2014, Jenkins and the agent met in person to discuss the potential firearm transaction. The agent showed Jenkins pictures of firearms on his phone, and the two discussed specific firearms and prices, although no deal was completed. During the meeting Jenkins had multiple phone conversations with Grimes, and at one point, Jenkins placed Grimes on speaker phone so that Grimes could ask the agent several questions about the firearms. Jenkins stated his intent to purchase firearms for himself and his intent to purchase additional firearms on Grimes's behalf. Jenkins confirmed at trial that Grimes was the person on whose behalf Jenkins negotiated the firearms purchase. Jenkins and Grimes met later the same day, and Jenkins showed Grimes the firearm pictures from the agent. Grimes told Jenkins he wanted to meet with the agent to buy firearms.

---

[2]The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

Jenkins and the agent agreed to meet two days later to complete the deal. On October 3, Jenkins informed Grimes that they were going to meet the agent to complete the firearm transaction. Jenkins, Grimes, and a third individual arrived in an SUV and pulled alongside the agent's truck. With the SUV parked only three to four feet from his truck, the agent saw Grimes hand Jenkins a wad of cash. Jenkins testified that Grimes gave him cash to pay for a machine gun and a 9 mm. pistol. Jenkins exited the SUV and got in the front seat of the agent's truck where the agent showed Jenkins several firearms. Jenkins gave the agent money, and the agent placed the 9 mm. pistol and the machine gun in a paper bag before placing the bag on the floor of the vehicle between Jenkins's legs. The agent exited the truck, and ATF agents arrested Jenkins, Grimes, and the SUV driver. The agents recovered the 9 mm. pistol, which had an obliterated serial number, and the machine gun from the truck. During the entirety of the transaction, Grimes sat in the SUV a few feet away from the agent's truck. At the time of these events, Grimes had prior felony convictions.

II.

"We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor and accepting all reasonable inferences that support the verdict." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003) (citation omitted). "This standard of review is strict; we will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Hamilton, 332 F.3d 1144, 1149 (8th Cir. 2003) (citing United States v. Gillings, 156 F.3d 857, 860 (8th Cir. 1998)).

The parties agreed and the jury was instructed that to convict Grimes on Counts I and IV the Government had to prove Grimes knowingly possessed a firearm. The parties further agreed and the jury was instructed that to convict Grimes on Count I the Government had to prove Grimes knew the machine gun

was a machine gun and an automatic firearm. Grimes argues on appeal that the evidence was insufficient for the jury to find any of the contested elements were established.

Knowing possession may be actual or constructive. Hamilton, 332 F.3d at 1150. The Government's case against Grimes was based on constructive possession. "Constructive possession requires that the defendant has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. Constructive possession may be established by circumstantial evidence alone, but the government must show a sufficient nexus between the defendant and the firearm." United States v. Garrett, 648 F.3d 618, 622 (8th Cir. 2011) (quoting United States v. Evans, 431 F.3d 342, 345 (8th Cir. 2005)) (internal citations and quotation marks omitted). "Constructive possession 'requires knowledge of an object, the ability to control it, and the intent to do so.'" United States v. Piwowar, 492 F.3d 953, 955 (8th Cir. 2007) (quoting United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006)).

The Government presented sufficient evidence to permit the jury to find beyond a reasonable doubt that Grimes knowingly possessed firearms and knew the machine gun was a machine gun and an automatic firearm. Jenkins testified that Grimes knew on October 3 that they were going to meet the agent to buy firearms. Due to the close proximity of the vehicles, the agent saw Grimes hand Jenkins money. Jenkins testified Grimes gave him money to pay for a machine gun and a 9 mm. pistol, and Jenkins testified he bought the machine gun and 9 mm. pistol on Grimes's behalf. Grimes sat in the SUV a few feet from the agent's truck during the entire transaction. At a minimum, the evidence was sufficient to establish that Grimes knew the agent gave Jenkins the firearms in exchange for money and that Grimes owned the machine gun and 9 mm. pistol. While Grimes submitted evidence in support of his story that he thought the meeting with the agent was for the purpose of buying marijuana, the jury was entitled to disregard this evidence in favor of Jenkins's and the agent's testimony. See United States v.

<u>Jones</u>, 559 F.3d 831, 835 (8th Cir. 2009) (holding it is within the jury's purview to resolve conflicting testimony).

III.

Grimes challenges his 92-month, concurrent sentences in two ways. First, Grimes argues the district court erred in applying the four-level sentencing enhancement in U.S.S.G. § 2K2.1(b)(4)(B) because doing so contradicted the jury's verdict acquitting him on Count II. Second, Grimes argues that the district court abused its discretion by imposing a sentence greater than necessary to comply with 18 U.S.C. § 3553(a).

"We review the district court's interpretation of the guidelines de novo[.]" <u>United States v. Howard</u>, 759 F.3d 886, 889 (8th Cir. 2014). We consider the imposition of a sentence first for procedural error reviewing the district court's findings of fact for clear error and its application of the guidelines to those facts de novo. <u>United States v. Castillo</u>, 713 F.3d 407, 411 (8th Cir. 2013). "If there was no procedural error, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." <u>Id</u>. (quoting <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009)) (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." <u>Id</u>. at 412 (quoting <u>Feemster</u>, 572 F.3d at 461) (internal quotation marks omitted).

Grimes concedes the district court correctly calculated his base offense level. Grimes further concedes the 9 mm. pistol had an obliterated serial number, but he argues U.S.S.G. § 2K2.1(b)(4)(B)'s enhancement should not apply because inherent in the jury's verdict acquitting him on Count II was the finding that he had no knowledge of the obliterated serial number. The four-level enhancement applies "regardless of whether the defendant knew or had reason to believe that the

firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2K2.1, comment. n.8(B). As clearly provided in the commentary, knowledge of the obliterated serial number is not required. The district court correctly applied the four-level enhancement in U.S.S.G. § 2K2.1(b)(4)(B) in calculating Grimes's sentence.

As U.S.S.G. § 2K2.1(b)(4)(B) was properly applied, Grimes's 92-month sentence was within and at the bottom of the guideline range. Accordingly, we apply a rebuttable presumption of reasonableness. See United States v. Deegan, 605 F.3d 625, 634 (8th Cir. 2010) (citation omitted) ("Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness."). Even so, Grimes argues that his sentence was substantively unreasonable in that it was greater than necessary to comply with 18 U.S.C. § 3553(a). We disagree. The district court weighed the sentencing factors and imposed a sentence that was at the bottom of the guideline range. We conclude that the district court did not abuse its discretion and therefore need not address the Government's alternative argument opposing Grimes's reasonableness challenge, i.e. waiver.

## IV.

For the foregoing reasons, Grimes's conviction and sentence are affirmed.

_____