# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2555

_____

United States of America

*Plaintiff - Appellee*

v.

Devon Northon Golding

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 17, 2016
Filed: August 16, 2016
[Published]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dr. Devon Northon Golding was convicted of defrauding a health-care benefits program, and of making false statements about the delivery or payment for health-

care benefits. He appeals, arguing the district court[1] abused its discretion in its evidentiary rulings. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Dr. Golding, a physician, was an approved Medicare and Medicaid provider. Marletta A. Payne, a registered nurse, worked in his office. While there, Payne saw patients when Dr. Golding was absent from the office. She wrote prescriptions using blank pads he pre-signed. Payne also completed progress notes he later signed, indicating he had seen the patients.

At least three times, Dr. Golding was reimbursed by Medicare or Medicaid for patient visits by Payne while he was out of town. At least twice, Dr. Golding pre-signed prescription pads that Payne used to prescribe controlled substances to Medicaid patients.

Before trial, Dr. Golding moved in limine to exclude evidence of (1) a 1998 investigation by the Board of Registration for the Healing Arts about Paul T. Winter, a physician assistant for Dr. Golding between 1989 and 1991, and (2) a 2011 Board of Pharmacy settlement agreement about DNG Pharmacy, owned by Dr. Golding. The district court denied the motion, but gave a limiting instruction that the evidence could be considered only on the issue of whether Dr. Golding acted knowingly and willfully.

The government successfully moved in limine to exclude the testimony of two witnesses as irrelevant: (1) Marion L. Drysdale, Dr. Golding's certified public accountant; and (2) Dr. John O'Haver, a physician who shared office space with Dr.

---

[1] The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Golding. At trial, the government objected to proposed testimony from Olga Golding, Dr. Golding's sister and office assistant, that she discovered $2,700 in cash in another employee's desk. The district court sustained that objection on relevancy grounds.

A jury found Dr. Golding guilty of three counts of defrauding a health-care benefits program, in violation of 18 U.S.C. § 1347(a)(1) and (2), and two counts of making false statements about the delivery or payment for health care benefits, in violation of 18 U.S.C. § 1035(a)(2). He appeals, arguing the district court abused its discretion in its evidentiary rulings.

## II.

"This court reviews for clear abuse of discretion a district court's evidentiary rulings." *United States v. Lindsey*, 702 F.3d 1092, 1097 (8th Cir. 2013). This court "will not reverse a judgment on the basis of erroneous evidentiary rulings absent a showing that those rulings had a substantial influence on the jury's verdict." *United States v. Haskell*, 468 F.3d 1064, 1074 (8th Cir. 2006).

## A.

Dr. Golding argues based on Federal Rule of Evidence 404(b) that the district court abused its discretion by admitting testimony regarding (1) the 1998 investigation about his physician assistant, and (2) the 2011 settlement agreement with his pharmacy.

Rule 404(b) governs the admissibility of "[e]vidence of a crime, wrong, or other act" by a defendant. Evidence of prior bad acts is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition." *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). Rule 404(b) evidence, however, is

admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Tyerman*, 701 F.3d 552, 562 (8th Cir. 2012).

The district court did not clearly abuse its discretion in ruling that the investigation and settlement were relevant to Dr. Golding's intent and knowledge, and were not overly prejudicial. *See United States v. Dupont*, 672 F.3d 580, 583 (8th Cir. 2012) (noting that a health-care fraud scheme requires proof that the defendant acted willfully). As to the 1998 investigation of the underlying 1989-1991 conduct, the district court did not abuse its discretion in finding that they were not overly remote in time. To determine remoteness, this court "applies a reasonableness standard and examines the facts and circumstances of each case." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). "[T]he answer to how long is too long depends on the theory that makes the evidence admissible." *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). Here, the theory of relevance—that the investigation demonstrated Dr. Golding's intent and knowledge that his practices were improper—favors admitting the evidence. *See United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011) ("In this case, the prior acts of theft occurred within ten years of the charged conduct, and were highly probative of [defendant's] knowledge and intent."); *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002) (upholding admission of a prior robbery offense committed 20 years before the offense on trial).

The district court, after admitting the evidence, instructed the jury to consider it as evidence only of Dr. Golding's intent and knowledge of the charged offenses. "A jury is presumed to follow its instructions . . . and therefore the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of

the evidence." *United States v. Betterton*, 417 F.3d 826, 832 (8th Cir. 2005). The district court did not abuse its discretion in admitting evidence of the 1998 investigation or 2011 settlement agreement.

B.

Dr. Golding argues that the district court abused its discretion by excluding (1) the testimony of his accountant Drysdale, (2) part of the testimony of office-sharing Dr. O'Haver, who saw some patients for Dr. Golding, and (3) testimony by his sister, Olga Golding. Drysdale proposed to testify that, in his opinion, Payne and another employee were overpaid, that employee abruptly departed when Drysdale confronted him about his wages, and yet another employee claimed excessive overtime (looking startled when Drysdale met her, and also immediately departing). Dr. O'Haver proposed to testify he never observed anything improper or illegal in Dr. Golding's patient care. Olga Golding proposed to testify that, after an employee left Dr. Golding, she discovered petty cash missing and deficient petty-cash accounting.

Dr. Golding emphasizes cases addressing the broad scope of cross-examination of a partial or biased witness. *See Davis v. Alaska*, 415 U.S. 308, 317 (1974); *Johnson v. Brewer*, 521 F.2d 556, 562 (8th Cir. 1975). Those cases, however, do not authorize the admission of irrelevant evidence. *See Yang v. Roy*, 743 F.32 622, 626 (8th Cir. 2014) ("The trial judge retain[s] wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . interrogation that is repetitive or only marginally relevant."). Here, the district court did not clearly abuse its discretion in excluding the evidence, as it was irrelevant to any element of the charged crime or defense. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the evidence." Fed. R. Evid. 401. "In determining the relevancy of the evidence at issue in this case, [this court] first look[s] to what elements must be proven under the

statute of conviction." *United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012). The district court did not abuse its discretion in finding that the proposed testimony about other employees and Dr. Golding's patient care was irrelevant to the charged offenses—billing for face-to-face visits he did not conduct and pre-signing prescription pads for controlled substances. *See United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) ("The disputed evidence did not go to any element of the offense for which [defendant] was charged . . .").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____