# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3087

_____

United States of America

*Plaintiff - Appellee*

v.

Ariel Emilio Caceres Canales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 7, 2017
Filed: June 1, 2017

_____

Before COLLOTON and BENTON, Circuit Judges, and GERRARD,[1] District Judge.

_____

BENTON, Circuit Judge.

Ariel Emilio Caceres Canales (Caceres) was convicted of distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

district court[2] sentenced him to 48 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In May 2015, a confidential informant told police that Caceres was distributing meth for an operation headquartered in an auto shop where he worked. At the direction of law enforcement, the CI arranged a controlled purchase from Caceres. On May 28, the CI and an Iowa Narcotics Enforcement Agent picked up Caceres, drove him to get meth from the auto shop, and purchased it from him.

Caceres was indicted for conspiring to distribute meth and distributing it. He pled not guilty. Before trial, he moved to admit evidence related to an entrapment defense. The evidence was of two threats by the CI—one before May 28, and one after. In the first, the CI allegedly demanded Caceres distribute drugs for him. When Caceres refused, the CI shot at him twice. In the second, the CI and his friend allegedly shot at Caceres because they believed he was involved in a robbery of the friend. The government conceded that evidence of the first threat was admissible. It moved to exclude evidence of the second. After a hearing, the district court ruled admissible the evidence of the first threat. It excluded evidence of the second threat, but allowed Caceres to question the CI and his friend about the robbery in order to show bias and motive for testifying against him.

The CI and his friend testified against Caceres at trial. Caceres introduced evidence of the CI's first threat against him. He did not question the CI or his friend about the robbery. A jury found Caceres guilty of distributing meth, but not guilty of conspiring to distribute it. He moved for a new trial, asserting the district court

<hr>

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

erred in not admitting evidence of the second threat. The district court denied the motion. He appeals.

## II.

This court reviews evidentiary rulings for abuse of discretion. **United States v. Battle**, 774 F.3d 504, 511 (8th Cir. 2014). Caceres argues the district court erred in excluding evidence of the second threat under Federal Rule of Evidence 404(b). "To be admissible under 404(b), evidence must" first be "relevant to a material issue." **United States v. Golding**, 833 F.3d 914, 917 (8th Cir. 2016). Caceres believes the second threat was relevant to: (1) his entrapment defense; and (2) the bias and motive of the CI and his friend for testifying against him.

## A.

An entrapment defense has two elements: "(1) the Government induced the crime, and (2) the defendant was not predisposed to engage in the conduct." **United States v. Bugh**, 701 F.3d 888, 893 (8th Cir. 2012). At trial, Caceres alleged the CI engaged in a "systematic pattern of coercive conduct" to induce him to sell drugs. He contends the second threat shows this pattern, proving he was pressured into distributing meth. But the second threat was after the distribution, and thus, could not have induced it. See **United States v. Kendrick**, 423 F.3d 803, 807 (8th Cir. 2005) ("Entrapment exists where the evidence establishes that the government agent originated the criminal design, the agent implanted in the mind of an innocent person the disposition to commit the offense, and the defendant then committed the criminal act at the urging of the government agent.") (internal quotation marks omitted).

Caceres relies on *United States v. McClure*, 546 F.2d 670 (5th Cir. 1977) to argue the second threat was admissible. There, the Fifth Circuit upheld admission of threats made after the crimes charged because they were evidence of a "systematic

-3-

campaign of threats and intimidation." *McClure*, 546 F.2d at 672-73. *McClure* is not binding on this court. *See Reiter v. Honeywell, Inc.*, 104 F.3d 1071, 1073 (8th Cir. 1997). Regardless, it would not control here. There, the threats were all intended to coerce the defendant into selling heroin. *McClure*, 546 F.2d at 672-73 (informant showed defendant a gun and said he would be "'very dead' if he failed to produce narcotics within twenty-four hours"). Here, Caceres admits the second threat was not intended to pressure him into drug trafficking:

> On or about June 11, 2015, [the CI], [the friend], Kevin and Oscar Antonio Amaya Silva aka "Wilson" approached [Caceres] at an apartment building located on Bell Avenue. [The CI] had a gun in his pocket and threatened [Caceres]. [The CI] accused [Caceres] of stealing [the friend's] gun and wallet. [The CI] was in the passenger seat. As they drove away, [the CI] fired two shots in [Caceres's] direction.

Because the second threat occurred after May 28 *and* by Caceres's admission was unrelated to drug trafficking, it is not relevant to his claim that he was coerced into drug trafficking. *See* **Fed. R. Evid. 401** ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence . . . .").[3]

B.

Caceres asserts, without explaining, that evidence of the second threat was relevant to show the bias of the CI and his friend (and their motive for testifying against him). As the district court recognized, evidence of the robbery—and the belief that Caceres was involved—was relevant to bias and motive. But evidence of the second threat was not necessary to show this. Rather, he could show bias through

---

[3]Because the second threat was not relevant, this court need not decide whether it was proper propensity evidence.

cross-examination about the robbery, which the district court allowed: "You can talk about the fact that, you know, these witnesses believe the defendant stole from them." Although Caceres chose not to ask the CI or his friend about the robbery (or their belief he was involved), he was not prohibited from doing so. He cannot now argue the court denied him the opportunity to establish bias or motive. *See United States v. Mshihiri*, 816 F.3d 997, 1008 (8th Cir. 2016) (recognizing that an unsuccessful tactical decision waives review); *United States v. Mihm*, 13 F.3d 1200, 1204 (8th Cir. 1994) ("[A]n 'unsuccessful tactical decision' at trial waives even plain error review of an evidentiary issue on appeal.").

The district court properly excluded evidence of the second threat.[4]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

_____

[4]This court need not address the government's additional argument that the second threat "did not affect Caceres's substantial rights."